CHARLES E. LITTLEFIELD, ATTORNEY GENERAL,
JOHN H. CALLAHAN, and others, RELATORS,
PETITIONERS FOR MANDAMUS,

*vs.*

WILLIAM H. NEWELL, and others.

Androscoggin.    Decision announced May Law Term, Middle
District, 1892.    Opinion January 2, 1893.

*Mandamus.    Parties.    Election of City Officers.    Joint Convention.*

Mandamus extends to all cases of neglect to perform an official duty clearly
imposed by law when there is no other adequate remedy.

While the court may not control their official discretion, it may compel the
recusant officers to exercise it; and while it cannot direct them in what
manner to decide, it may set them in motion and require them to act in
obedience to law.

Where a minority of a board has shown a uniform desire to do the act
required, it is the better practice to join, as parties defendant in mandamus,
all the members of the board which by a vote of the majority has been placed
in the position of a recusant body.

The members of a co-ordinate branch of the city government, in this case the
Common Council, who are not recusant should not be made parties.

ON EXCEPTIONS.

This was a petition for a mandamus against the Mayor and
Aldermen of the city of Lewiston to compel them to meet the
Common Council in joint convention for the election of subor-
dinate officers as required by the city ordinances.

The court having ordered a peremptory writ to issue, the
defendants excepted.

The case is stated in the opinion.

*White and Carter, Savage and Oakes,* for the petitioners.

*George C. Wing,* for the respondents.

The entire City Council should have been made defendants.
The mandate can be directed to such persons only as are made
parties to the writ.    Any mandate which could be issued upon
the writ in its present form would not conform to the well set-
tled principle of law.    No amendment can now be made.
To grant such a writ would be an idle and useless ceremony.
*Mitchell* v. *Boardman,* 79 Maine, 469.    Time for holding the

joint convention, third Monday in March, or as soon thereafter as may be convenient, is left to the reasonable discretion of the boards constituting the City Council.

WHITEHOUSE, J.  This is a petition for a writ of mandamus filed by Charles E. Littlefield, Attorney General, on relation of John H. Callahan, John Ryan and Edwin F. Scruton, three members of the common council of the city of Lewiston, against the mayor and seven aldermen composing the board of Mayor and Aldermen of that city.

By the charter and ordinances of that city, it is made the duty of the two branches of the city government, styled respectively, the Board of Mayor and Aldermen and the Common Council, to meet in joint convention annually on the third Monday in March, or as soon thereafter as may be convenient, for the purpose of electing all subordinate officers not chosen by the people.  By the uniform practice of twenty-nine years this convention has been held and such officers elected on the third Monday of March, and by the act of 1873 the time for the election of a Water Commissioner was expressly limited to the month of March.

On the third Monday of March, 1892, the common council were ready and willing to perform this duty on their part in accordance with their oaths and the established usage, and three times between that date and the eleventh day of April, formally asked for a joint convention by passing and transmitting to the mayor and aldermen, the customary order for that purpose. But the aldermen, by a vote of four to three on each occasion refused to concur in giving the order a passage ; and the four aldermen opposing it declared their purpose to persist in such refusal and thus prevent the election of city officers.

Thereupon on the fifth day of April, the common council passed an order appointing the relators a committee of that body authorized to employ appropriate measures to compel the aldermen to meet in joint convention.  On the relation of the committee the Attorney General, on the 14th of April filed a petition in the Supreme Judicial Court, setting forth in detail the

facts constituting the grounds of their claim duly verified by the affidavit of the relators, and asking that a writ of mandamus be issued against the mayor and aldermen, commanding the mayor to call a meeting of the city council and the aldermen to assemble with the common council in joint convention and proceed to the election of city officers.   On this petition an order for notice to the defendants was granted by the court, returnable on the third day of May, requiring the defendants to show cause why the prayer of the petitioner should not be granted.   To this petition the mayor, and the four aldermen who opposed a joint convention, filed a written answer which admitted all the material facts alleged in the petition and failed to overcome the *prima facie* case made by the sworn statements of the relators. The petition was therefore granted and an alternative writ of mandamus, carefully prepared by the relator's counsel, was issued by the court against the mayor and seven aldermen, composing the board of mayor and aldermen.   As the petition upon which the writ issues is not deemed a part of the pleadings, the alternative writ, standing in the place of the declaration in an ordinary action at common law, was properly made sufficient in itself to show precisely what was claimed, and the circumstances under which the claim was made.   It fully and clearly recited all the facts deemed requisite to entitle the relators to the relief claimed and commanded the mayor to call a meeting of the city council on the 6th day of May at 7.30 o'clock in the afternoon, and the seven aldermen to assemble with the common council in joint convention and proceed to the election of the officers named in the petition, or show cause for their refusal so to do.   The joint convention was not called or held as required by the writ, but on the ninth day of May two returns were made to the writ, one signed by the three aldermen who favored a joint convention and the other by the mayor and the four aldermen who opposed it.   In the former, the three aldermen assert their willingness to meet the council in joint convention and their desire to obey the mandate of the court but say they are opposed by a majority of the board, and are therefore powerless to act in the premises.   The contesting defendants, in their return to

the writ, as in their answer to the petition, admit all the material facts stated in behalf of the relators, and do not pretend that it has ever been impracticable or inconvenient for them to participate in a joint convention, or assign any reason whatever for their refusal to perform this important public duty on any of the occasions when invited so to do by the common council. To the petitioner's specific allegation that the defendants do not intend to meet the council in joint convention for the election of city officers and that they have so declared, the defendants make the general reply that they have taken the prescribed oath to perform their duties and intend so to do, and thereupon interpose the technical objection that the writ is not issued against the common council as well as the board of mayor and aldermen.

This return is deemed by the court wholly unsatisfactory and insufficient.

It is not in controversy that the petitioners have sought the appropriate remedy. It is a well settled rule that mandamus extends to all cases of neglect to perform an official duty clearly imposed by law when there is no other adequate remedy. If the officers are required to act in a judicial or deliberative capacity, the court cannot, it is true, control their official discretion, but may by its mandate compel them to exercise it. It cannot direct them in what manner to decide, but may set them in motion and require them to act in obedience to law. *Williams, Pet'r,* v. *Co. Com.* 35 Maine, 346 ; *Carpenter* v. *Co. Com.* 21 Pick. 258 ; Moses on Mand. 104-147 ; High, Ex. Leg. Rem. § 323 ; Dillon's Mun. Corp. 675 ; *Att'y Gen'l* v. *City Council of Lawrence,* 111 Mass. 90 ; *Lyon* v. *Rice,* 41 Conn. 248 ; *Lamb* v. *Lyon,* 44 Penn. 336. In *Att'y Gen'l* v. *Lawrence* the petitioner asked for a mandamus to compel the two branches of the city council to meet in joint convention and elect a street commissioner. After referring to the provisions of the city charter the court said : "The duty to proceed to this election in the manner pointed out is not a matter of discretion, nor dependent upon the judgment of either branch of the government, or of the members of either branch. If it were so

there could be no remedy by mandamus. The court does not attempt to control the judgment and discretion of the individual members when assembled, in the choice then to be made. But it may properly by mandamus require the two branches to meet in convention as a required preliminary step to the election of some one to this office. Otherwise, the anomaly would arise of a minority of those who must constitute the convention being able to defeat an election if they were only a majority of either branch."

In the case at bar, it has been stated that all the subordinate officers not chosen by the people, with the exception of the water commissioner, are required to be chosen "on the third Monday of March or as soon thereafter as may be convenient." But it is not claimed that any such latitude of discretion is here accorded to the city council as would relieve them from the obligation to choose these officers either on the third Monday of March or within a reasonable time thereafter. What is a reasonable time, when the facts are all disclosed to the court, is a question of law. *Att'y Gen'l* v. *Lawrence, supra.* And in the absence of any excuse whatever for not performing this duty prior to the 6th of May it is not difficult to determine that a reasonable time had already elapsed.

The objection that the writ is not also issued against the members of the common council must be regarded as entirely without merit. The mandate of the court is required to compel the unwilling, and not the willing body, to compel those who refuse and not those who consent, to act. The common council have never refused but have always consented, and diligently sought the opportunity, to act. They have caused these proceedings to be instituted by their committee duly appointed for that purpose and are already in the position of parties plaintiff. It would be superfluous to make them also parties defendant. It would unjustly subject the innocent to the imputation of wrong-doing.

This is not a case where the writ is issued against a part only of the same board or body of men. The writ is here addressed to all the members of the board of aldermen, including the three

who consented as well as the four who refused to act. No others need be joined as defendants. This is well settled both by reason and authority. It would undoubtedly have been a good return to the alternative writ, if the defendants had truthfully replied that a meeting of the city council was called and a joint convention proposed by them in obedience to the command in the writ, but that they were prevented from holding a joint convention by the refusal of the common council to join them. Nothing of this kind, however, is found in the return. It discloses no purpose on the part of the contesting defendants to perform the duty required of them. The objection is now wholly irrelevant and without force.

*Lamb* v. *Lyon*, *supra*, is a case precisely in point, and the rule of procedure which there appears to have received the sanction of the court goes one step further than that contended for in the case at bar. The petitioners were members of the common council of Philadelphia and prayed for a mandamus, "requiring members of the select council, being a majority thereof, to assemble in joint meeting with the common council and proceed to the election of certain municipal officers required by the charter." The select council consisted of twenty-five members, and the case not only shows that the common council were not joined as parties defendant, but it appears that the writ of mandamus was issued as prayed for, against the thirteen members only of the select council who had refused to meet in joint convention. The better practice, however, undoubtedly is to join, as parties defendant, all the members of the board which, by a vote of the majority, has been placed in the position of a recusant body, although a minority may have uniformly shown a desire to do the act required. And the great weight of authority will be found to support this rule. *Lyon* v. *Rice*, *supra*; *State* v. *Jones*, 1 Iredell, 129 ; High, Ex. Rem. *supra*, § § 314-440; Tapping on Mand. 314; Moses on Mand. 199. Such, it has been seen, was the course pursued by the petitioners in this case. On the return made by the defendants, therefore, the ruling of the presiding judge that a peremptory writ of mandamus should issue was clearly and unquestionably cor-

rect. A minority of those who would constitute the joint convention should no longer be permitted to defy the law and obstruct the due administrations of public affairs. A peremptory mandate of this court, compelling the recusant defendants to perform an official duty clearly defined by law and well understood and acknowledged by them, is demanded by a just regard for the free voice of the people and the orderly and decorous conduct of the government as well as the dignity of the law and every consideration of public justice.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.