JOSEPH F. WEBSTER, Petitioner for Mandamus,

*vs.*

JOHN W. BALLOU, Sheriff of Sagadahoc County.

Sagadahoc.    Opinion December 11, 1911.

*Mandamus.    Sheriffs and Constables.    Revised Statutes, chapter 104, section 18 ; chapter 106, section 9.*

Mandamus is an appropriate and necessary proceeding where a petitioner shows that his right to have the act done, which is sought by the writ, has been legally established ; that it is the plain duty of the party against whom the mandate is sought to do the act, and in the doing of which no discretion exists ; that the writ will be availing ; and that there is no other adequate remedy.

Mandamus lies to compel a sheriff to execute a writ of possession; proceedings against the sheriff for contempt, or an action for damages, being inadequate remedies.

A sheriff could not excuse refusal to execute a writ, directing him to place plaintiff in possession of lands, because he was notified that defendant occupied them as tenant of one who was not a party to the suit, and who was in possession under claim of right.

On exceptions by defendants.    Overruled.    Peremptory writ to issue.

The bill of exceptions states as follows :

"This was a petition for mandamus to compel the respondent to serve a writ of possession issuing out of the Supreme Judicial Court for Sagadahoc County, in a real action wherein the petitioner, Joseph F. Webster was plaintiff, and Francis Holmes defendant.

"The petition for mandamus is dated September 12, 1911, and was made returnable before Mr. Justice HALEY, on September 14th. On that date the alternative writ, was, by agreement of parties, ordered to issue, and was issued ; the return of the respondent Ballou thereto was filed, and also the petitioner's answer to the return.    At the same time the motion of Clara A. Holmes for leave to intervene was presented to the Justice.

"A hearing was had thereon and on the petition, at the conclusion of which the presiding Justice denied the motion to intervene, and ordered that the peremptory writ issue.

"To the denial of the motion and the ordering of the peremptory writ the respondent and the said Clara A. Holmes, by their attorney, seasonably excepted, and pray that their exceptions may be allowed."

The exceptions were allowed and certified to the Chief Justice for decision as provided by Revised Statutes, chapter 104, section 18.

The case is stated in the opinion.

*Foster & Foster, and E. C. Plummer*, for plaintiff.

*Frank L. Staples*, for John W. Ballou and Clara A. Holmes.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.  Petition for a writ of mandamus.  At the August term 1910 of the Supreme Judicial Court for Sagadahoc County, the petitioner, Joseph F. Webster, recovered judgment against Francis Holmes for the possession of certain real estate in Bath in that county.  A writ of possession issued upon said judgment and was placed in the hands of the respondent, John W. Ballou, Sheriff of Sagadahoc County, commanding him "that without delay you cause the said Joseph F. Webster to have possession of and in the said premises."  The sheriff did not execute the writ of possession, whereupon these proceedings for a writ of mandamus against him were commenced.  In answer to the alternative writ he made return that he had not executed the mandate of the writ of possession because he was notified "that Francis Holmes, the defendant in said writ of possession, was occupying a part or all of said premises as the tenant of one Clara A. Holmes, who, as he is informed and believes, and therefore avers, is the legal owner of a part or all of said described premises, and is, therefore, tenant in common with the Petitioner of said premises; that he was notified that said Clara A. Holmes was in actual possession of said premises and that any attempt to oust her from possession would result in legal proceedings against him; that, being in doubt what course to pursue, he con-

sulted the Attorneys of both the Petitioner and of said Clara, and urged them to come to some adjustment of the matter, . . . and by reason of his doubt as to his legal right to actually evict the said Francis Holmes, and to oust said Clara A. Holmes from her possession, he has up to this time forborne to do so."

The said Clara A. Holmes presented a motion to the Justice before whom the proceedings were pending in which she set forth grounds on which she claims to be an owner of an undivided portion of the premises described in the writ of possession, and that the execution of the writ will be prejudicial to her rights and interests in the property, and praying that she might be permitted to intervene as a party defendant in the proceedings. Her motion to intervene was denied and, after hearing, a decree was made that the peremptory writ be granted. To that ruling and decree exceptions were filed and allowed, and certified to the Chief Justice for decision, under the provisions of sec. 18, chap. 104, R. S.

Mandamus is an appropriate and necessary proceeding where a petitioner shows: (1) that his right to have the act done, which is sought by the writ, has been legally established; (2) that it is the plain duty of the party against whom the mandate is sought to do the act, and in the doing of which no discretion may be exercised; (3) that the writ will be availing, and that the petitioner has no other sufficient and adequate remedy. *Dennett* v. *Mfg. Co.*, 106 Maine, 476, 478.

In the case at bar the petitioner's right to have immediate possession of the real estate in question as against Francis Holmes has been established by a judgment of the Supreme Judicial Court of this State, which judgment has not been modified or reversed, but remains in full force and effect.

Further, that court has issued its mandate, the writ of possession, to the sheriff commanding him to cause the petitioner "forthwith" to have the possession of the real estate in accordance with its judgment. The duty of the sheriff to do the act which is sought by the writ is plain, unequivocal and ministerial, in the discharge of which no discretion on his part is required.

The writ of mandamus will be availing. The execution of its mandate will give the petitioner immediately the benefit of his judgment. And it cannot be reasonably contended that he has any other sufficient and adequate remedy. If for such a neglect the sheriff would be subject to proceedings for contempt in not obeying the mandate of the writ of possession, such proceedings would not give the petitioner the benefit of his judgment—possession of the property. Neither should he be required to rely upon a suit for damages against the sheriff. Such a right of action, with its attendant delays, expenses and uncertainties, is not a sufficient and adequate remedy. It is not a remedy commensurate with the petitioner's right. "To supersede the remedy by mandamus, a party must not only have a specific adequate legal remedy, but one competent to afford relief upon the very subject matter of his application." *Fremont* v. *Crippen*, 10 Cal. 212, 215. In the case at bar the relief to be afforded is the putting of the petitioner in possession of the premises in pursuance of the judgment and order of the court.

The matter set forth in the sheriff's return to the alternative writ is immaterial, and does not justify his delay and forbearance to execute the writ of possession. He points out no defect in his precept. It was "fair on its face" and issued by a court having complete jurisdiction of the suit and the parties, and he was fully protected in following its mandate. The fact that he was informed that Clara A. Holmes claimed to own an undivided portion of the premises described in the writ of possession, and that she claimed that Francis Holmes was in possession of the property by her authority, should not have deterred him from serving the precept as commanded.

The writ of possession was issued against Francis Holmes alone. It was binding only upon him and anyone claiming possession under him since the beginning of the lis pendens. Clara A. Holmes was not a party to it. If she has title to an undivided portion of the premises (which claim the petitioner disputes) her title is in no way affected by the judgment in the action of Webster against Francis Holmes, under which the writ of possession was issued, since she

was not a party to that suit.   The execution of the writ of possession will not take away any of her rights of possession to the premises.

If it were permissible in these proceedings to consider the claims made by Clara A. Holmes, and in her behalf, we do not perceive how they could affect the merits of the issuance of the judgment for possession in favor of Webster against Francis Holmes.   The latter was admittedly in possession of the property at the time the real action was commenced against him.   It cannot be said that he was then occupying the property as agent for his sister Clara, because she alleges in her motion to intervene that on the 7th day of October 1910 she gave him "authority to occupy said premises as her agent." But the action was commenced July 7th, 1910.   He made no claim in the action that he was in occupation by right of anybody.   He was there as a stranger to the title.   One tenant in common may bring an action against a stranger for the recovery of possession of the property without joinder of his co-tenant.   Sec. 9, chap. 106, R. S.

If it be a fact, as Clara alleges, that she made some use of the property herself while Francis and his family lived there, that fact could not prevent Webster, even if a co-tenant with Clara, from proceeding to recover possession against Francis.   Having so proceeded to final judgment, and obtained from the court the writ of possession against Francis, no sufficient cause is shown why that judgment should not be made effective by the prompt execution of the mandate of the writ of possession.   To hold otherwise in such case would tend to impair the certainty and efficiency of judicial proceedings.

It is therefore the opinion of the court that the motion of Clara A. Holmes to intervene was properly denied, and the peremptory writ properly ordered.

*Exceptions overruled.*
*Peremptory writ to issue as ordered.*