J. Gilbert RAY, Jr.

v.

TOWN OF CAMDEN, et al.

Supreme Judicial Court of Maine.

Argued Sept. 3, 1987.

Decided Nov. 25, 1987.

Robert C. Perkins (orally), Harmon, Jones & Sanford, Camden, for plaintiff.

Terry W. Calderwood (orally), Calderwood, Ingraham & Gibbons, Camden, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff, J. Gilbert Ray, Jr., appeals from a judgment of the Superior Court, Knox County, denying his request that the Planning Board of the Town of Camden (Board)[1] be directed to proceed with a site

---

1. Defendants in this action are the Town of Camden, the individual members of the Planning Board and the Code Enforcement Officer. Because Ray's action is in the nature of a mandamus, the individual members of the Planning Board are proper parties defendant to this ac-
tion. *See Nisbet v. Faunce,* 432 A.2d 779, 781 (Me.1981); *LaPointe v. City of Saco,* 419 A.2d 1013, 1015 n. 1 (Me.1980). *Compare Spain v. City of Brewer,* 474 A.2d 496, 496 (Me.1984) (individual members of municipal body inap-

plan review of his application for a permit to construct a pier. On appeal Ray contends the Board had no authority to determine that because his application did not include a variance from the Camden Zoning Board of Appeals, the Board was precluded from reviewing the application. We agree and vacate the judgment.

## I

The record discloses the following pertinent facts: Ray filed an application to construct a pier from his property into Sherman's Cove, Camden, with the Camden Code Enforcement Officer (CEO). The CEO submitted Ray's application to the Board for its site plan review. The Board placed the matter on its agenda for a public hearing. At the hearing, the Board determined that Article XII, § 2(6) of the zoning ordinance precluded the Board from taking any further action "for the reason that the applicant's proposed pier was not a permitted use and was not in any respect allowed under the Zoning Ordinances of the Town of Camden ... [and] the applicant has not obtained a variance for the pier from the Zoning Board of Appeals." The Board suspended further site plan review "until further action by the applicant seeking a variance before the Zoning Board of Appeals."

By a complaint filed in the Superior Court pursuant to M.R.Civ.P. 80B, Ray sought, *inter alia,* an order requiring the Board to complete its site plan review of his application. After hearing, the court determined that the Board's suspension of its site plan review was not a final, reviewable action, and accordingly, the court had no jurisdiction to entertain the matter. The court entered its order denying the appeal and remanding the matter to the Board.[2] It is from this decision that Ray appeals.

## II

■ In the first instance, we address whether the complaint for the relief sought

by Ray was properly before the Superior Court. We have previously stated that M.R.Civ.P. 80B is a procedural device and does not provide any independent substantive rights. *Dowey v. Sanford Housing Authority,* 516 A.2d 957, 959 (Me.1986). The rule, as amended in 1967, recites that the review sought must either be provided by statute or "otherwise available by law." The Advisory Committee Notes of 1967 indicate that the amendments of that year were specifically designed to facilitate judicial review when the former, extraordinary writs of certiorari, mandamus, and prohibition would have applied. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice,* 305–06 (2d ed. 1970 & Supp. § 80B.1 1981). In addition, the rule authorizes review of the "failure or refusal to act" by a governmental agency. Thus, an action brought pursuant to Rule 80B may be the equivalent of a complaint for mandamus to compel government action. *Nisbet v. Faunce,* 432 A.2d 779, 780–81 (Me.1981); *see also Fletcher v. Feeney,* 400 A.2d 1084, 1088 (Me.1979). Accordingly, we hold the Superior Court had jurisdiction to hear and determine the issues presented by Ray's complaint.

Though freed from the rigid procedural confines of the extraordinary writs by M.R. Civ.P. 81(c) and 80B, the courts look to the basic substantive requirements of a mandamus when determining whether to compel government action. *See, e.g., Dowey v. Sanford Housing Authority,* 516 A.2d at 962; *Your Home, Inc. v. City of Portland,* 505 A.2d 488, 489 (Me.1986); *see also* 1983 Advisory Committee Notes, M.R.Civ.P. 80B, Me.Rptr., 459–466 A.2d XLIII–XLIV (encouraging "direct application of prior authority" delineating the scope of the extraordinary writs).

■ Traditionally, mandamus lies to compel governmental performance of a strictly ministerial act, which the applicant, otherwise without remedy, is entitled to

propriate parties defendant to a direct appeal from their own decision).

**2.** The parties have agreed that the Superior Court's "remand" of the case is a misnomer.

M.R.Civ.P. 12(h)(3) provides in pertinent part: "Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

have performed. *Your Home, Inc. v. City of Portland,* 505 A.2d at 489; *Kelly v. Curtis,* 287 A.2d 426, 429 (Me.1972). If the office or officers have discretion in the execution of the act, or if the act is a judicial or deliberative one, mandamus cannot be used to limit discretion or in any way control the outcome of the deliberative process. *Rogers v. Selectmen of Brunswick,* 135 Me. 117, 119, 190 A. 632, 633 (1937). Rather, mandamus can only overcome a failure to act and set the deliberative process in motion, assuming the applicant is entitled to have the process performed. *Littlefield v. Newell,* 85 Me. 246, 249, 27 A. 110, 111 (1893).

Ray's entitlement to an order to compel the Board to complete the site plan review of his application depends upon whether, for the stated reasons, the Board had statutory or local authority to suspend its review. We hold it did not.

### III

No additional evidence having been received by the Superior Court, we directly review the record as it developed before the Board to determine whether the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Marchi v. Town of Scarborough,* 511 A.2d 1071, 1072 (Me.1986); *see also Keith v. Saco River Corridor Comm'n,* 464 A.2d 150, 153 (Me.1983).

■ We have previously stated that the authority to make a zoning determination must be expressly granted by statute or ordinance. *See Spain v. City of Brewer,* 474 A.2d 496, 498–99 (Me.1984); *Cope v. Town of Brunswick,* 464 A.2d 223, 225 (Me.1983); *Town of Windham v. LaPointe,* 308 A.2d 286, 290 (Me.1973). There is no explicit enabling statute for a planning board's site plan review jurisdiction. Accordingly, we turn to the Camden Zoning Ordinance to determine the scope of the Board's authority here at issue. Our review of the Camden Zoning Ordinance discloses no express provision for the formulation of the Board or its jurisdiction. Nevertheless, Article XII of the ordinance requires the Board, however constituted, to share in the permit application process by performing a site plan review.

As authority for its determination that it was precluded from further site plan review of Ray's application, the Board relied on Article XII, § 2(6) of the Zoning Ordinance of the Town of Camden, which provides:

No application for site plan development shall be considered complete or may be acted upon by the Planning Board until all special exceptions and/or variances which may ·be required for the proposed development first have been obtained from the Zoning Board of Appeals.

The Board contends that section 2(6) authorizes it to initially determine whether a variance or special exception is required to complete an application for a proposed development. We disagree.

■ The interpretation of provisions in a zoning ordinance is a question of law for the court. *George D. Ballard, Builder v. City of Westbrook,* 502 A.2d 476, 480 (Me. 1985); *Putnam v. Town of Hampden,* 495 A.2d 785, 787 (Me.1985); *Camplin v. Town of York,* 471 A.2d 1035, 1037 (Me.1984). Contested language must be construed reasonably and with regard to both the specific object sought and the structure of the ordinance generally. *LaPointe v. City of Saco,* 419 A.2d 1013, 1015 (Me.1980).

Article V of the ordinance places the ultimate responsibility for granting or denying construction permits with the CEO. The CEO initially receives all applications for site plan approval. Art. XII, § 2(3). A complete application for site plan approval must be submitted by the CEO to the Board fifteen days prior to the Board meeting at which the applicant wishes to be heard. Art. XII, § 2(4). Article XII, § 2(6) specifically provides that no application for site plan approval shall be considered complete until all "special exceptions and/or variances" which may be required have been obtained from the Zoning Board of Appeals.

■ It is apparent from the overall structure of the ordinance that only the CEO and the Zoning Board of Appeals are charged with the responsibility of making

zoning determinations.[3] It is the CEO who is responsible for the enforcement of the zoning ordinance. Art. V, § 1. The determination of whether an application for a site plan development requires securing a special exception or variance from the Zoning Board of Appeals prior to being complete for submission to the Board for its review is that of the CEO. Art. V, §§ 1, 2; Art. XII, §§ 2(3)–(6). Article XII, § 6 explicitly provides the criteria to be used by the Board in judging applications for site plan approval and directs the Board to approve the site plan application if it meets those criteria. The CEO cannot issue a building permit for the construction of a pier until the site plan is approved by the Board. Any party aggrieved by the granting or denial of a building permit by the CEO based on "an erroneous interpretation of the Ordinance" may appeal that action to the Zoning Board of Appeals which has the power to affirm, modify or set aside such action. Art. VII, §§ 2, 3.

In the instant case only the CEO and the Zoning Board of Appeals are expressly granted the authority to make the decision whether it was required that a variance from the Zoning Board of Appeals be obtained by Ray to complete his application for site plan review. Accordingly, we hold that Ray was entitled to an order directing the Board to proceed with the site plan review of his application pursuant to the criteria set forth in Article XII, §§ 6(1)–(9) of the Camden Zoning Ordinance.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of an order consistent with the opinion herein directing the Planning Board to proceed with a site plan review of the application of J. Gilbert Ray, Jr.

All concurring.

---

**3.** *See* Article V setting forth the powers and duties of the Code Enforcement Officer and Article VII setting forth the powers and duties of the Zoning Board of Appeals. *See also* 30 M.R.S.A. § 4966(1) (Supp.1986) and § 2411(4) (1978) authorizing a code enforcement officer and zoning board of appeals to make zoning decisions.