**PALADAC REALTY TRUST et al.**

v.

**ROCKLAND PLANNING COMMISSION et al.**

Supreme Judicial Court of Maine.

Argued March 8, 1988.

Decided May 20, 1988.

**920** ▪ ▬

Michael T. Healy (orally), Verrill & Dana, Augusta, Wayne R. Crandall, Collins, Crandall, Hanscom & Pease, Rockland, for plaintiffs.

Michael D. Seitzinger (orally), Andrea C. Najarian, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendants.

Before NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendants, Rockland Planning Commission and its individual members (Commission)[1], appeal from a judgment of the Superior Court, Knox County, directing the Commission to give its final approval, conditional approval or disapproval of the application for a subdivision permit submitted to the Commission by the plaintiffs, Royal Starr and Theodore Stone, trustee and beneficiary respectively of the Paladac Realty Trust, and Paladac Realty Trust (Paladac). We find no merit in Paladac's contention that the Rockland Subdivision Ordinance conflicts with the provisions of 30 M.R.S.A. § 4956(2) (Supp.1987). We agree with the Commission that it is not in receipt of a completed application from Paladac for a subdivision permit, and accordingly, we vacate the judgment.

I

On January 29, 1987, Paladac filed its application and a preliminary plan with the Rockland Code Enforcement Officer (CEO) for a permit for a 56-unit manufactured housing subdivision. On February 3, the Commission and Paladac held an informal "preapplication" meeting pursuant to section 16–104(1) of the Rockland Subdivision Ordinance (ordinance).[2] At the meeting, and after Paladac had made an informal presentation of its plan, the Commission requested that Paladac furnish the Commission information on seven items before Paladac's application "could be considered complete." The next meeting was set for March 3. Paladac furnished the information to the Commission on February 12 and 13. At a public hearing on March 3, the Commission requested additional informa-

[1] Because Paladac's action in the Superior Court is in the nature of a mandamus, the individual members of the Planning Commission are proper parties defendant. *Ray v. Town of Camden,* 533 A.2d 912, 912 n. 1 (Me.1987).

[2] Section 16–104(1) provides that for the purpose of a clear understanding of "what is proposed, what is possible and what is acceptable" such an informal meeting may be held between the Commission and the applicant prior to the formal submission of a subdivision application and the preliminary plan, and that "[n]o binding commitments shall be made between the subdivider and the Commission at this stage."

tion from Paladac and a further meeting of the Commission was scheduled for March 31. The March 3 hearing was followed on March 18 by a letter from the Commission to Paladac advising Paladac that its application was incomplete and listing the further items of information required by the Commission. At the March 31 public hearing Paladac submitted to the Commission some of the additional information requested by its letter of March 18, but refused to provide two of the requested items. At that time Paladac informed the Commission that it considered the March 3 public hearing to be the public hearing referenced in 30 M.R.S.A. § 4956(2) (Supp.1987) that triggers the requirement that the Commission make a final decision on the merits of Paladac's application within 30 days of the March 3 public hearing. After the Commission advised Paladac its application was not complete, Paladac left the hearing room. At no time has Paladac submitted a final plan of the proposed subdivision to the Commission.

On April 6, Paladac filed a complaint in the Superior Court, pursuant to M.R.Civ.P. 80B and 14 M.R.S.A. § 5954 (1980), seeking an order to compel the Commission to make a final determination on the merits of Paladac's application. The court found that: 1) because the Commission had failed to advise Paladac in writing within 30 days after filing of its application with the CEO that the application was incomplete, the application must be considered ripe for the final decision of the Commission, and 2) the hearing of March 3, 1987 was a public hearing. Accordingly, the court held that 30 M.R.S.A. § 4956(2)(C–1) and (D), required the Commission to have made a final determination as to the issuance of a subdivision permit within 30 days from March 3, which would have been at the close of the business day on April 2, 1987. The court remanded the matter to the Commission for such a decision by it within 30

days of the date of the court's order, and the Commission appeals.

II

The Commission contends, as it did before the trial court, that Paladac had been notified that its application was incomplete at the February 3 meeting and again on March 18. Further, the Commission contends that Paladac had not received approval of its preliminary plan or submitted a final plan, as required by the subdivision ordinance prior to seeking a final decision from the Commission.[3] Accordingly, the Commission argues that the Superior Court erred in concluding that the Commission was required by the provisions of 30 M.R.S.A. § 4956(2) to render a final decision on Paladac's subdivision application within 30 days of the public hearing of March 3, 1987.

Title 30 M.R.S.A. § 4956(2) provides in pertinent part:

Upon receiving an application, the municipal reviewing authority shall issue to the applicant a dated receipt. Within 30 days from receipt of an application, the municipal reviewing authority shall notify the applicant in writing either that the application is a complete application or, if the application is incomplete, the specific additional material needed to make a complete application. *After the municipal reviewing authority has determined that a complete application has been filed*, it shall notify the applicant and begin its full evaluation of the proposed subdivision.

*Id.* § 4956(2)(C–1) (emphasis added).

In the event that the municipal reviewing authority determines to hold a public hearing on an application for subdivision approval, it shall hold such hearing within 30 days of receipt by it of *a completed application....*

*Id.* § 4956(2)(D) (emphasis added). The final paragraph of section 4956(2) provides:

---

**3.** Section 16–104(B) of the Ordinance provides in pertinent part:

Approval of the Preliminary Plan shall not constitute approval of the Final Plan, but rather serve as approval of the general design

submitted in the Preliminary Plan as a guide to the preparation of the Final Plan. Within six (6) months after the approval of the Preliminary Plan, the subdivider ... shall submit the Final Plan to the Commission.

The municipal reviewing authority shall, within 30 days of a public hearing or within 60 days of receiving a completed application, if no hearing is held, ... issue an order denying or granting approval of the proposed subdivision or granting approval upon such terms and conditions as it may deem advisable to satisfy the criteria listed in subsection 3 and to satisfy any other regulations adopted by the reviewing authority....

Section 4956(2)(B) expressly authorizes a municipality to adopt additional reasonable regulations governing subdivisions.[4]

The Rockland Subdivision Ordinance provides the following sequential procedural steps for the review of a subdivision application by the Commission: First, prior to formal submission of a subdivision application and the preliminary plan, an informal meeting may be held between the applicant and the Commission to discuss a sketch plan of the proposed subdivision with no binding commitments made at that stage. Section 16–104(1). Second, the applicant submits the subdivision plan to the Commission. The Commission shall notify the applicant in writing within 30 days from its receipt of the plan if the application is complete and, if not, the specific information necessary to make a completed application. Third, after the Commission has determined that a complete application has been filed, the applicant is notified that he may submit a preliminary plan. Section 16–104(2). Section 16–104(3) sets forth the information required to be included in the Preliminary Plan. Fourth, Section 16–104(8) provides that a public hearing "shall be held on the Preliminary Plan" within 30 days of submission. The Commission "shall approve, approve with modification, or disapprove" the preliminary plan stating in a letter to the applicant any reason for modification or causes of disapproval. Approval of a preliminary plan "shall not constitute approval of the Final Plan" which must be submitted to the Commission within 6 months after the approval of the pre-

liminary plan. Section 16–104(4). Section 16–104(5) and (6) provide for the information required in the final plan. Fifth, section 16–104(7) provides that within 60 days after submission of the final plan, the Commission shall approve, approve with conditions or disapprove the final plan, stating in a letter to applicant the reason for any conditions or cause for disapproval.[5]

Title 30 M.R.S.A. § 4956(2) does not define a *completed application* nor provide *any time limits* within which the Commission would be required to determine that an application is complete for the purpose of triggering the statutory time limits for the Commission's final action on the merits of an application, i.e., within 30 days of a public hearing on a completed application or within 60 days of its receipt.

The procedural review steps set forth in the ordinance make it clear that the Commission will not consider an application completed for its final determination on the merits until such time as a preliminary plan has been approved and a final plan has been submitted. With this prerequisite met and with the submission of a final plan by the applicant, the Commission then has no more than 60 days within which to make a final determination on the merits of that *completed* application for a subdivision permit.

 In the instant case, Paladac simultaneously filed a subdivision application and a preliminary plan with the CEO on January 29. Both parties agreed to an informal meeting on February 3 concerning this application. The record reflects that at that time the aims of the informal meeting were met by Paladac's informal presentation of the proposed subdivision and the Commission's advice to Paladac of the further information that must be included before the application was formally submitted to the Commission. Section 16–104(1). The additional information was fully furnished to the Commission by February 13, at which time the application must be considered as

---

4. *See also* 30 M.R.S.A. § 1917 (municipality may by adoption, amendment, or repeal of ordinance exercise any power not expressly or by clear implication denied by Legislature).

5. Section 16–104(8) provides that a public hearing "may also be held on the Final Plan."

formally submitted to the Commission. Although a public hearing was held on the application on March 3, followed by a letter on March 18 from the Commission to Paladac advising it that the application was not complete, no written notice of such incompleteness was given to Paladac within the 30 days of formal submission of its application as required by section 16–104(2) of the ordinance. Accordingly, we determine that 30 days after February 13, on March 15, 1987, Paladac's application must be considered complete for the purpose of allowing Paladac to submit its preliminary plan of the subdivision to the Commission for evaluation and review by the Commission. Section 16–104(8) of the ordinance requires that "a public hearing shall be held on the Preliminary Plan within thirty (30) days of submission." On March 31, well within 30 days of the March 15, 1987 submission of Paladac's preliminary plan, the Commission held a public hearing on the Paladac application.

Our review of the record supports our conclusion that this meeting was the meeting required by section 16–104(8) for the review of the preliminary plan that had been submitted by Paladac with the formal submission of its application. The ordinance is silent as to the length of time within which the Commission has to "approve, approve with modification, or disapprove" the preliminary plan. It is clear, however, that the preliminary plan must be approved before the 6–month period for the applicant's submission of a final plan is triggered. It is only on the submission of the final plan to the Commission that an application is *completed*, as that term is envisioned both by the ordinance and the statute, so as to trigger the statutory limits for a final decision on the merits of the application.

▆ Because the ordinance is silent as to the period within which the Commission must make a decision about a preliminary plan, following a public hearing, we hold that a reasonable time should be allotted to the Commission for such a determination. *See George D. Ballard, Builder, Inc. v. City of Westbrook,* 502 A.2d 476, 480 (Me. 1985) (ordinance not invalid for failure to state time limit of request for extension by Board when apparent from context of ordinance applicant must be diligent and request extension within one year); *Dobbs v. Maine School Admin.Dist.,* 419 A.2d 1024, 1028 (Me.1980) (courts charged with placing reasonable construction on legislative enactments in light of their evident purpose and context).

Under the factual circumstances of this case, we hold that, as suggested by the Commission at oral argument, 30 days after remand to it is a reasonable time for the Commission to determine whether to approve, approve with modification, or disapprove Paladac's preliminary plan. If approved, Paladac will then have 6 months within which to submit its final plan. On Paladac's submission of a final plan, its application will be a *completed* application within the purview of 30 M.R.S.A. § 4956 and the Rockland Subdivision Ordinance. The Commission will then have no more than 60 days within which to make its "full evaluation of the proposed subdivision" and "issue an order denying or granting approval of the proposed subdivision or granting approval upon such terms and conditions as it may deem advisable" pursuant to 30 M.R.S.A. § 4956(2).

Accordingly, we hold the trial court erred in holding that the public meeting of March 3, 1987 was the hearing on a *completed* application referred to in section 4956(2) and remanding the matter to the Commission for a final decision on the merits of that application within 30 days of its order of remand.

The entry is:

Judgment of the Superior Court vacated. Remanded to the Superior Court for the entry of its order remanding the matter to the Rockland Planning Commission to advise the plaintiffs herein in writing within 30 days of the entry of such order of its approval, approval with conditions or disapproval of the preliminary plan for a subdivision submitted to it by the plaintiffs.

All concurring.