**PORTLAND SAND & GRAVEL, INC.**

v.

**TOWN OF GRAY, et al.**

Supreme Judicial Court of Maine.

Argued June 21, 1995.

Decided Aug. 1, 1995.

Christopher Vaniotis (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for appellant.

William H. Dale (orally), Jensen, Baird, Gardner & Henry, Portland, for appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Portland Sand & Gravel, Inc. (the Company) appeals from a judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) affirming the Town of Gray Planning Board's refusal to process the Company's applications for permits to expand a gravel and sand pit. The Company argues that the planning board was without discretion to refuse to process its applications and that the Superior Court should have ordered it to do so. We agree, and accordingly vacate the judgment.

On July 26, 1993, Portland Sand & Gravel, Inc. filed applications with the planning board for the expansion of a gravel pit. Pursuant to the zoning ordinance applicable at the time, the gravel pit was a nonconforming use because it was located in an aquifer overlay zone. Therefore, the Company needed a conditional use permit, an excavation permit, and a site plan approval in order to expand the gravel pit. On August 3, 1993, the Gray town council voted to adopt amendments to the provisions allowing conditional use and excavation permits. The amendments would have effectively prohibited expansions of nonconforming gravel pits except on land "manifestly arranged" for the purpose prior to July 4, 1985. The amendments were to take effect 30 days from the date of passage and apply to applications filed after July 6, 1993.

On August 11, in response to the amendments, the Company filed an action in the Superior Court against the Town of Gray and several members of the town council challenging the amendments on due process and equal protection grounds. On the same day, it sent a letter to the planning board requesting that the board "table" its applications pending further evaluation of its options in light of the zoning amendments. On August 12, 1993, the planning board noted the Company's request to "withdraw" the applications pending further evaluations by the Company's attorney. On August 17, before the amendments were to take effect, the town council voted to reconsider and then tabled the challenged zoning amendments pending further study.

By letter dated February 23, 1994, the Company requested that the planning board act on its applications. On the advice of the town's attorney, the planning board responded that it had no jurisdiction to review the Company's applications while the court challenge to the ordinance amendments was pending. The town council again adopted the amendments on May 3, 1994. The amendments took effect 30 days later, but were still retroactive to July 6, 1993.

The Company sought judicial review in the Superior Court of the planning board's refusal to process its applications pursuant to Gray, Me., Zoning Ordinance, Art. V, § 402.33(F); Gray, Me., Site Plan Review Ordinance, ch. 404, § 404.11; and M.R.Civ.P. 80B. The court affirmed the decision of the planning board, holding that the board had

discretion to decline to process the Company's applications during the pendency of the 1993 lawsuit. This appeal followed.

■ We review the action of the planning board directly to determine whether its decision that it lacked jurisdiction to process the Company's applications was unlawful, arbitrary, capricious, or unreasonable. *Boivin v. Town of Sanford,* 588 A.2d 1197, 1199 (Me. 1991). Both in its brief and at oral argument the planning board conceded, as it must, that it erred in concluding that it lacked jurisdiction to review the applications. In *Eastern Me. Medical Ctr. v. Maine Health Care Fin. Comm'n.,* 601 A.2d 99, 101 (Me.1992), we held that an agency loses jurisdiction over a pending matter only when a party aggrieved by a decision of the agency seeks direct judicial review of that decision in the Superior Court.

■ Before us, the planning board relied instead on the argument, first made to the Superior Court, that the board had discretion to decline to review the applications because of the 1993 lawsuit. The planning board does not have the discretion that it claims. The section of the ordinance requiring excavation permits for existing gravel pits provides that the "Planning Board *shall* initially, and every five years thereafter, review each application for a permit according to the requirements of Section 402.29 of this Ordinance." Gray, Me., Zoning Ordinance, Art. V, § 402.29(C)(2) (emphasis added). For new pits, the ordinance provides that the "Planning Board *shall* initially review each application for a New Pit Operations Permit according to the procedures required by Sections 402.29 and 402.33 of this Ordinance. A public hearing *shall* be held within 30 days of the receipt of a completed application at the time of initial application." Gray, Me., Zoning Ordinance, Art. V, § 402.29(D)(2)(a) (emphasis added). The conditional use ordinance provides that the "Planning Board *shall* hear and approve, with modification or conditions, or disapprove all applications for conditional uses." Gray, Me., Zoning Ordinance, Art. V, § 402.33(A) (emphasis added). The site plan review ordinance provides that "[w]ithin sixty (60) days of receipt of a completed application, the Board *shall* act to

approve, approve with conditions, or disapprove the site plan as submitted or amended, unless the Planning Board and applicant agree to a continuance." Gray, Me., Site Plan Review Ordinance, ch. 404, § 404.5(2) (emphasis added). The term "shall" generally renders a provision mandatory. *See Rogers v. Brown,* 135 Me. 117, 118, 190 A. 632, 633 (1937) ("shall" should be construed as meaning "must" for purposes of sustaining or enforcing an existing right). *See also* 73 Am.Jur.2d *Statutes* § 22 (1974). Even in the absence of the mandatory provisions of the ordinance, an administrative agency does not have the authority indefinitely to postpone action on a properly filed application.

■ It remains to be determined whether Portland Sand & Gravel, Inc. is entitled to relief in the nature of mandamus. In determining whether the plaintiff is entitled to mandamus, "[t]he court is governed by the procedural requirements of M.R.Civ.P. 80B and advised by the common law principles that governed the writ." *Dunston v. Town of York,* 590 A.2d 526, 528 (Me.1991). Mandamus is an appropriate and necessary remedy when the plaintiff shows (1) that it has the right to have the act done; (2) that it is the plain duty of the defendant to do the act; and (3) that the writ will be availing and that the plaintiff has no other sufficient and adequate remedy. *Casino Motor Co. v. Needham,* 151 Me. 333, 340, 118 A.2d 781, 784–85 (1955) (citing *Webster v. Ballou,* 108 Me. 522, 524, 81 A. 1009, 1010 (1911)). When an official is required to act in a judicial or deliberative capacity, the court cannot control the official's discretion, but may compel the exercise of it. *Young v. Johnson,* 161 Me. 64, 69, 207 A.2d 392, 395 (1965).

■ A planning board "has an obligation and responsibility to decide issues properly presented to it." *LaPointe v. City of Saco,* 419 A.2d 1013, 1015 n. 2 (Me.1980). We have not hesitated to order planning boards to perform that duty. For example, in *Ray v. Town of Camden,* 533 A.2d 912 (Me.1987), we held that the Superior Court erred in refusing to order the Camden planning board to process an application for a site plan review. We rejected the planning board's argument

that it had authority under the ordinance to suspend review of the application until Ray obtained a variance from the zoning board of appeals.[1]  *Id.* at 914.  Because the planning board's duty under the ordinance was clear, we directed the Superior Court to enter an order compelling the planning board to process Ray's application for site plan review. *Id.* at 915.

As in *Ray,* the zoning ordinance at issue in this case imposes a mandatory duty on the planning board to review the Company's applications. ·Even though the court could not compel the planning board to grant the permits, an order compelling the board to review the applications would provide Portland Sand & Gravel, Inc. the opportunity to present its case and then to seek appellate review on the merits should the applications be denied.  Mandamus therefore lies to compel the Board to act on Portland Sand's applications.

The entry is:

Judgment vacated.

Remanded for the entry of an order directing the Planning Board of the Town of Gray promptly to proceed with review of Portland Sand & Gravel, Inc.'s applications.

All concurring.

---

**1.**  At oral argument in this case, the planning board raised for the first time a similar argument.  It suggested that Portland Sand & Gravel, Inc. needed approval from the code enforcement officer before the planning board could act on the pending applications.  We discern no reason why that argument, even if preserved, would have any more merit in this case than it did in *Ray v. Town of Camden,* 533 A.2d 912 (Me.1987).

Moreover, we disapprove of the planning board's action in raising such an argument for the first time at oral argument before us.  Its action in doing so is representative of the type of administrative delay that has unnecessarily prolonged the dispute between these parties.  Prompt review by the planning board and subsequent judicial review of its decision could moot many of the issues raised in the 1993 lawsuit.