**YOUR HOME, INC., et al.**

v.

**CITY OF PORTLAND, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1984.

Decided Nov. 5, 1984.

Murray, Plumb & Murray, E. Stephen Murray (orally), John C. Bannon, Portland, for plaintiffs.

David Lourie (orally), Corp. Counsel, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

For the fifth time the City of Portland Zoning Board of Appeals has rejected the application of Your Home, Inc., and its president, Alfred Waxler, for a permit to install mobile homes in Portland. This is the fourth time the parties have been before this Court. As we have held twice

before,[1] we repeat that the applicable zoning ordinance—the only source of the authority the Board wields—does not exclude mobile homes *per se* from the R–3 residential zone concerned. Furthermore, there is nothing in the ordinance which excludes the type of homes that Your Home, Inc., has proposed to install on its property. We affirm the Superior Court judgment reversing the Board's decision, and remand to that court with directions to order that the permit issue with respect to Your Home's "Warren Avenue property." We also affirm that part of the judgment which upheld the Board's conclusion that Your Home's "Farnham Street property" was not included in the application before it.

Your Home, Inc., proposes to establish a "mobile home park" on land in an R–3 residential zone abutting Warren Avenue and Farnham Street in the city of Portland. The applicable zoning ordinance, since superseded,[2] permits the construction of one-family dwellings in detached buildings in that zone. §§ 602.3 and .4A.1. The question before the Zoning Board of Appeals was whether Your Home's plan was to install homes meeting the same requirements that the ordinance imposes on "any other builder of single family dwellings." *Your Home, Inc. v. City of Portland,* 432 A.2d 1250, 1260 (Me.1981).

When the parties were before us in that case the record did not include the application. *Id.* at 1256. We were thus unable to review the Board's decision on the specific facts of Your Home's proposal. *Id.; Moyer v. Board of Zoning Appeals,* 233 A.2d 311, 316 (Me.1967). We could not tell, for example, whether Your Home intended to open an overnight recreational vehicle campground or a residential complex of pre-fabricated homes. We found, however, that the Board had erred in deciding that mobile homes *per se* are excluded from the R–3 zone. This Court concluded "that those mobile homes which do meet [the restrictions applicable to builders of other single family homes] are a permissible use within Portland's R–3 zone, and would be permissible in a park as well as individually." 432 A.2d at 1260–61. We remanded for the Board to give Your Home the opportunity to show that its specific plan would meet the ordinance's requirements.[3]

On remand the Board held a public hearing for that purpose. At the hearing Your Home presented its plans for the park. Waxler testified about the specific features of the proposed homes and introduced exhibits depicting units essentially similar to those proposed. The Board questioned him and heard testimony in opposition from others. Following that hearing the Board issued the decision from which this appeal is taken. It again rejected Your Home's application. The Superior Court reversed the Board as to the "Warren Avenue property" and ordered that the permit issue. It affirmed the Board's determination that Your Home's "Farnham Street property" was not included in the application under consideration.

On appeal from Superior Court review of the Zoning Board's decision,

---

1. *Your Home, Inc. v. City of Portland,* 432 A.2d 1250 (Me.1981) and *Waxler v. City of Portland,* 454 A.2d 344 (Me.1983) (Mem.)

2. On August 16, 1982, the City of Portland amended the ordinance to provide for a "Flexible Housing Zone." While this amendment expressly governs "manufactured housing," the parties agree that Your Home's present application is governed by the former ordinance, which omits any mention of mobile or prefabricated homes. *See* 1 M.R.S.A. § 302; *Cardinali v. Planning Board of Lebanon,* 373 A.2d 251, 253 (Me.1977). This is the same ordinance that we considered in *Your Home* and *Waxler.*

3. Later, in *Waxler v. City of Portland,* 454 A.2d 344 (Me.1983) (Mem.), "the question whether a mobile home was a building, as that term is used in describing uses permitted in an R–3 zone, was [again] squarely presented." *Id.* at 345. There, Your Home had requested a similar permit to install a single mobile home on one subdivided lot of another parcel of land. This Court reaffirmed its previous decision that mobile homes are not excluded from the definition of 'detached building' in the ordinance.

where the Superior Court functions as an intermediate appellate court undertaking judicial review of an administrative record, the Law Court will examine that record directly. *See Lundrigan v. Maine Labor Relations Board,* 482 A.2d 834, 836 (Me. 1984); *Council 74, AFSCME v. Maine State Employees, Association,* 476 A.2d 699, 703 (Me.1984). Here the Superior Court considered the voluminous record developed in the case since 1969. We review the Board's decision for a sufficient basis in the evidence, an abuse of discretion, or an error of law in its interpretation of the zoning ordinance. *Spain v. City of Brewer,* 474 A.2d 496, 498 (Me.1984). While we may not make independent findings of fact, *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982), "the construction of zoning ordinances is a question of law for the court." *Id.* at 1027; *Singal v. City of Bangor,* 440 A.2d 1048, 1051 (Me.1982).

■ The Zoning Board of Appeals gave three reasons for denying the application regarding the Warren Avenue property. The first, based on four grounds, is that Your Home's proposed units are *"not buildings."* Of the four grounds, three, concerning the mobility of prefabricated homes, apply to *all* mobile homes. As such, these grounds were foreclosed by our decision in *Your Home, Inc. v. City of Portland,* that the ordinance does not exclude mobile homes in general. The fourth, regarding Your Home's plan to rent ground-space to mobile home owners, was also foreclosed by our previous decision. We said then that a plan "to rent lots to people who would own the mobile homes placed thereon ..." would not differ, "with respect to the legitimate land use concerns expressed in the ordinance," from other permissible uses. 432 A.2d at 1260. "In all cases, the land use is residential." *Id.*

The City doggedly pursues the question of the homes' potential for future mobility, arguing that Your Home's intent not to make its units permanent accessions to the land contravenes the requirement of permanence in the ordinance. Not only did the Board make no finding about permanence, there is no such requirement in the ordinance. To the extent that we said that relative permanence is a feature of residential dwellings, *id.* at 1254, we qualified that by reference to the specific requirements applicable to stick-built houses: *e.g.,* "a mobile home used as a residence *could* come within this definition of a dwelling, particularly if installed on a foundation." *Id.* at 1258.

■ Granted, relative permanence is one factor in locating a particular structure on the continuum running between a towable camper and a field-stone fortress. As such, it is within the purview of the Board's "inherent responsibility" to interpret the ordinance, *id.* at 1260–61; *Spain v. Brewer,* 474 A.2d at 499. But it is not the only factor, nor is it even a precondition under this ordinance which nowhere uses the term. Other attributes of one-family dwellings in detached buildings, e.g., plumbing, wiring, heating, and foundations, must be considered. The Board does not have the discretion to construct a precondition for prefabricated homes that the ordinance does not require of others. *Your Home, Inc. v. City of Portland,* 432 A.2d at 1259; *Spain v. City of Brewer,* 474 A.2d at 500; *Ullis v. Inhabitants of Boothbay Harbor,* 459 A.2d 153, 159 (Me.1983).

The parties still have not included in the record Your Home's actual application. Its testimony and exhibits at the hearing, however, make clear that it has satisfied the legitimate land use conditions imposed by this zoning ordinance. Indeed, its presentation at the hearing went beyond the ordinance, covering factors that are the concern of the City's Building Code as well. Waxler testified about the structure of the proposed units, including the heating, plumbing, electricity, interior layout, siding material, buried oil tanks, and the fact that the wheels and hitches will be removed from the homes when they are affixed to the foundations. He provided the Board with the City Building Inspector's statement that the single mobile home involved

in the *Waxler* case complied with the Building Code, and testified that the homes installed in the park will be substantially similar. We have already ruled that the ordinance does not exclude mobile homes *per se.* Without changing its plans so as to construct stick-built homes, Your Home could not have brought its units any more clearly within the ordinance at this time.

The Board's second reason to deny the Warren Avenue property permit is that, while the use of an individual mobile home is similar to permitted uses in the R-3 zone,[4] the use of the entire parcel as a mobile home park is not. Specifically, the Board determined that the ordinance requires each dwelling to be on an individual lot of at least 6500 square feet, with individual setbacks from the lot lines. Your Home, the Board then found, had not complied because its plan includes no demarcation of the land into individual lots.

Your Home's testimony was that, when installed, each of its units will be as far away from the next, and surrounded by as much space per unit, as the ordinance requires of stick-built homes. The Board's sole objection, then, is that Your Home has not designated its lots in advance of development.

■ Nothing in this zoning ordinance requires the developer of a tract of land to pre-designate lots. While it may, taken as a whole, assume that the builder of any individual dwelling will do so on a designated lot,[5] the ordinance does not impose the further obligation on the large scale developer to mark out each of the lots in advance to get permission for the particular land use.[6] As we held in *Your Home, Inc. v. City of Portland,* 432 A.2d at 1261, under this ordinance mobile homes "would

be permissible in a park as well as individually." There is no basis on which the Board could distinguish between the land use considerations of one of Your Home's mobile homes and those of its park.

Because we hold that Your Home's mobile home park is a permissible use within Portland's R-3 zone, we need not consider the Board's final reason for denying the permit.

■ That the plan does not satisfy the individual concerns of its future neighbors or the Board members is not Your Home's fault, but rather a feature of living in a society governed by legislative enactment, not personal prediliction. The ordinance does not go as far as some might like. However, Your Home has demonstrated compliance with all the requirements of the ordinance that are applicable at this stage of the proceedings. It must be issued its permit. *See Spain v. Brewer,* 474 A.2d at 500.

■ We do conclude, however, that the Board correctly determined that Your Home's Farnham Street property was not made part of its permit application early enough to be covered by the ordinance's grandfather clause. Your Home bought that property in 1974, after the 1973 amendment of its 1969 application. It filed no new application with the Building Inspector, nor did it inform the Zoning Board of Appeals that it considered the Farnham Street land added to the original application at any time before 1982.

Conceding that this would not be an issue if it had filed a timely application, Your Home argues that this Court should find Farnham Street to be included anyway. Its grounds are that the parcels are contiguous, the issue of land use is the same for

---

**4.** The City says that the Board felt "at least an intellectual obligation" to concede that.

**5.** Your Home has repeatedly asserted that it will demarcate the necessary area for each home as it installs it. Indeed, because the ordinance requires setbacks and a certain total lot area for each home, as well as fifty feet of frontage on a public way, it must. However, because Your

Home wishes to allow its tenants to select the size homes they would like to own, it is unwilling, under this plan, to draw a map indicating every lot ahead of time.

**6.** We consider here only the specific zoning ordinance in issue, not whether such requirements may be imposed by applicable subdivision or other ordinances.

both, and the City's anti-mobile home posture between 1974 and 1981 would have made application futile.

A timely application might not have achieved an immediate, desired result, but it would not have been futile since it was the necessary first step. We cannot approve on appeal a permit for the Farnham Street property if that question was never properly presented to the Building Inspector or the Board. *See Moyer v. Zoning Board of Appeals*, 233 A.2d 311, 316 (Me. 1967).

The entry is:

Judgment affirmed.

All concurring.