## YOUR HOME, INC.
### v.
## CITY OF PORTLAND, et al.

Supreme Judicial Court of Maine.

Argued Sept. 10, 1985.

Decided Oct. 11, 1985.

Murray, Plumb & Murray, E. Stephen Murray (orally), John C. Bannon, Portland, for plaintiff.

David Lourie (orally), Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

The City of Portland appeals from the action of the Superior Court, Cumberland County, taken at the request of Your Home, Inc. and purporting to comply with our mandate in *Your Home, Inc. v. City of Portland,* 483 A.2d 735 (Me.1984) (*Your Home III*). The City contends that no further action of the Superior Court was required following our 1984 decision. Because we agree with the City, we vacate the orders in question.

The history of litigation between these parties has been described in *Your Home III, Waxler v. City of Portland,* 454 A.2d 344 (Me.1983) (Mem.), *Your Home, Inc. v. City of Portland,* 432 A.2d 1250 (Me.1981) (*Your Home II*) and *Your Homes, Inc. v. City of Portland Board of Zoning Appeals,* 285 A.2d 372 (Me.1972) (*Your Home I*).[1] We incorporate that history insofar as it may be useful to answer the question now before us: What precisely was our mandate in *Your Home III?*

In *Your Home II* we determined *inter alia* that a mobile home could come within the zoning ordinance definition of dwelling and that rental of the mobile home or of

---

1. The case before us represents a consolidation of numbers CV 70–740, CV 74–109, CV 77–1247, and CV 82–1161 (Me.Super.Ct., Cum.Cty.). Our concern about the state of the record, as expressed in *Your Home II,* 432 A.2d at 1256, is not assuaged by the continued joinder of closed cases with newly filed complaints.

the individual lots did not constitute a commercial use prohibited in an R–3 (residential) zone. 432 A.2d at 1258–61. Because of inadequacies in the record, including the absence of any permit application, we remanded with direction that Your Home be given a further hearing before the Board of Appeals. Our opinion specified that Your Home be given "an opportunity to demonstrate that a mobile home park ... would meet all applicable regulations and restrictions."

In the interim we decided in *Waxler* that the specific type of mobile home installation in question was not excluded from the ordinance definition of detached building and thus could be used as a single family dwelling. 454 A.2d at 345. Thereafter, in *Your Home III*, we again reversed the Board of Appeals' rejection of Your Home's mobile home park proposal. In that opinion we emphasized that the proposed land use was not prohibited in an R–3 zone and was consistent with permitted uses. *Your Home III*, 483 A.2d at 738, 739. We also noted that the record still did not include Your Home's permit application.[2] *Id.* at 738. Unfortunately the first paragraph of our opinion in *Your Home III* contained a misleading reference to a remand with "directions to order that the permit issue." *Id.* at 737.

Despite this reference the only direction contained in our mandate was "Judgment affirmed." Our mandate affirmed the judgment of the Superior Court entered February 2, 1984 which reversed the Board of Appeals' decision and remanded the matter to the Board "with instruction to grant the appeal ...." Ignoring the fact that our affirmance left no occasion for further action by the Superior Court, counsel for Your Home submitted a proposed order "for implementing the Law Court's mandate." Rejecting Your Home's proposal, the court on December 5, 1984 simply directed compliance with the prior judgment.

Thereafter, Your Home requested a further order from the Superior Court to direct the Board to comply "with the requirements of the Law Court's decision." On February 13, 1985 the Superior Court, purporting to act pursuant to our mandate, directed the Board of Appeals to "order that any and all permits sought by the plaintiff which were the subject of the plaintiff's appeal before the Board of Appeals shall be issued."

We reject the arguments of Your Home in support of the order of February 13 for several reasons. First, Your Home's presentation to the Board of Appeals subsequent to *Your Home II* was directed to the general nature of the proposed use. The firm's president stated

> The precise number of units on this mobile home park and their precise on-site locations will depend on determinations of the building inspector as to whether each unit to be sited in the park meets applicable regulations such as possible set back requirements.

On appeal in *Your Home III* the company argued that it had told the Board that Your Home "would depend upon determinations of the building inspector as building permits were applied for."

Second, at the time of the Superior Court ruling from the bench on December 12, 1983, counsel for the City specifically indicated that the court should not direct issuance of a permit. Indeed, no Your Home applications for permits were before the court. Thereafter, both counsel agreed on a proposed decision and order which the court reduced to the final order of February 2, 1984. That order remanded the matter to the Board "with instruction to grant the appeal." It did not direct issuance of a permit.

Third, following our affirmance of the February 2, 1984 order, the Board of Appeals complied with the instruction of the Superior Court. On December 13, 1984 the

---

**2.** Although not a part of the Superior Court record, a stipulation with copies of permit applications was filed in the Law Court on the day of oral argument in *Your Home III*. Accordingly, that stipulation did not become part of the Superior Court record on remand.

Board "granted the use interpretation appeal for a trailer park in the R-3 land located at the rear of Warren Avenue...." Despite Your Home's attempt to bootstrap a different mandate from. the language of our opinion, we decide that the action of the Board complied with our mandate affirming the Superior Court judgment. The Superior Court's further order of December 5, 1984 was superfluous and the clarification order of February 13, 1985 was erroneous.

In sum, whether the Superior Court sought to enforce our mandate or its own does not matter. The orders subsequent to our decision in *Your Home III* must be vacated.

The entry is:

The Superior Court orders dated December 5, 1984 and February 13, 1985 vacated.

Costs to appellants.

All concurring.