James H. OESTE

v.

TOWN OF CAMDEN.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1987.
Decided Dec. 22, 1987.

Robert C. Perkins (orally), Harmon, Jones & Sanford, Camden, for plaintiff.

Terry W. Calderwood (orally), Calderwood, Ingraham & Gibbons, Camden, for defendant.

Before McKUSICK, C.J., and
NICHOLS, ROBERTS, WATHEN,
SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

The Town of Camden appeals from an order of the Superior Court (Knox County) vacating the denial by the Camden Planning Board of petitioner James H. Oeste's application for subdivision approval. The Planning Board denied subdivision approval on the basis that the project failed to comply with parking standards contained in the Camden Zoning Ordinance. The Superior Court ruled that the zoning ordinance was unconstitutional and remanded for further consideration of the application without regard to the parking standards. For reasons different than those stated by the Superior Court, we conclude that the order of the Planning Board must be vacated.

Petitioner James H. Oeste filed an application for subdivision approval with the Town of Camden. Petitioner sought approval for the subdivision of Crane Island in Megunticook Lake into seven residential use lots. Petitioner's application indicated that he owned a shorefront lot on Megunticook Lake and was preparing to purchase a second lot some distance from the shore in order to provide access and parking. Petitioner proposed to use the shorefront lot as a boat landing and docking site, while the second lot would be used by the island residents for parking their motor vehicles. Petitioner proposed to provide a shuttle bus from the parking lot to the boat landing. The Planning Board unanimously denied petitioner's application on the grounds that the subdivision proposal failed to satisfy parking standards set forth in the Camden Zoning Ordinance.[1]

By a complaint filed in the Superior Court pursuant to M.R.Civ.P. 80B, petitioner challenged the constitutionality of the zoning ordinance and sought an order requiring the Planning Board to review his application without considering the parking standards imposed by the zoning ordinance. The Superior Court found the parking standards unconstitutional as applied to petitioner's project and remanded the application to the Planning Board. From this decision the Town of Camden appeals.

---

1. Camden Zoning Ordinance, Art. X § 6(2) provides in part:

 (2) Methods of Meeting Parking Requirements

  (b) The spaces are located on a different lot than the principal building or use and:

  (i) The lot is held in the same ownership as the principal lot or is leased and evidence of the control or lease is submitted to the Code Enforcement Officer, and

  (ii) The lot is located within 1,000 feet of the principal use measured along lines of public access.

We do not reach the constitutional issue decided by the Superior Court because we find that the Planning Board has no authority to decide questions concerning the zoning ordinance. It is well established that the authority to make a zoning determination must be expressly granted by statute or ordinance. *Ray v. Town of Camden,* 533 A.2d 912 (Me.1987); *see Spain v. City of Brewer,* 474 A.2d 496, 499 (Me.1984); *Cope v. Town of Brunswick,* 464 A.2d 223, 225 (Me.1983). The applicable statutes provide that zoning issues shall initially be determined by the officer charged with enforcement of the zoning ordinance and the findings of that officer are subject to review by a Zoning Board of Appeals. 30 M.R.S.A. §§ 4966, 4963 (Supp. 1987).

The Camden Zoning Ordinance tracks the statute and designates the town code enforcement officer as the official responsible for enforcement of the zoning ordinance, and creates a Zoning Board of Appeals.[2] It is readily apparent from the structure of the ordinance and the statutes that only the Code Enforcement Officer and the Zoning Board of Appeals are authorized to make zoning determinations. *See Ray,* 533 A.2d at 914. We hold that the zoning determination made by the Planning Board in this case was unauthorized.

Although the Planning Board's authority to review subdivision applications is distinct from the power to decide zoning issues, subdivision proposals that obviously violate existing zoning requirements should not receive final approval from the Planning Board. No purpose is served by granting unconditional approval to a subdivision that cannot be built upon because of zoning requirements. *See* 4 R. Anderson, *American Law of Zoning* § 25.21 (3d ed. 1986); 4 Rathkopf, *The Law of Zoning and Planning* § 65.02[1][a] (1987). The solution offered by the statute for such a conundrum is set forth in 30 M.R.S.A. § 4956 (Supp. 1987). Subsection 3 of that statute provides that in reviewing a subdivision application, the Planning Board must determine whether the proposal "[i]s in conformance with a duly adopted subdivision regulation or ordinance, comprehensive plan, development plan or land use plan ...." 30 M.R.S.A. § 4956(3)(J) (Supp.1987). Zoning is a vital element of development and land use planning. When confronted with a disputed zoning question, however, the Planning Board is not authorized to make the zoning determination. Subsection 2 of the statute permits the issuance of subdivision approval conditioned upon receipt by the developer of any necessary permits or rulings from the zoning officials. Such a procedure would have been appropriate in this case.

The entry is:

Judgment of the Superior Court vacated.

Remanded to the Superior Court with instructions to vacate the decision of the Planning Board and to remand to the Board for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** Article V, Section I of the Camden Zoning Ordinance provides, in part:

Section 1. *Administrative Official*
The Code Enforcement Officer shall enforce this Ordinance, for which purpose he shall establish reasonable procedures. He shall have all the duties, responsibilities and powers set forth in Title 30, M.R.S.A. Section 4966
....

Article VII provides in part:
The Board of Appeals shall have the following powers and duties:
(i) *Administrative Appeals*
To affirm, modify, or set aside the action of the Code Enforcement Officer in issuing or denying building permits when it is alleged that the action is based on an erroneous interpretation of this Ordinance.