Chandler L. NOYES, Jr., et al.

v.

CITY OF BANGOR, et al.

Supreme Judicial Court of Maine.

Argued March 22, 1988.

Decided April 20, 1988.

Malcolm S. Stevenson (orally), Blaisdell & Blaisdell, Ellsworth, for plaintiffs.

Robert E. Miller, Matthew B. Nichols (orally), Bangor, for City of Bangor.

Thomas Russell (orally), Mitchell & Stearns, Bangor, for Together Place.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

■ Chandler L. Noyes, Jr., and three other property owners in Bangor[1] appeal an affirmance by the Superior Court (Penobscot County) of the Bangor Planning Board's decision to grant a special exception to Together Place for the use of part of an existing building at 150 Union Street, formerly used by the Elks Lodge. Together Place is a nonprofit organization formed to help persons recently discharged from mental health hospitals readjust to commu-

---

1. The City takes nothing on its cross-appeal from the Superior Court's ruling that these four Bangor property owners have standing to pursue this M.R.Civ.P. 80B action. All four property owners were parties to the Planning Board hearing at which Together Place was granted a special exception, and at least Chandler Noyes, Jr., as owner of the other part of the same building in which Together Place proposed to operate, has a sufficient potential for particularized injury flowing from the increased public use of the premises to meet our requirements for standing. *See Anderson v. Swanson,* 534 A.2d 1286, 1287–88 (Me.1987); *Sexton v. City of South Portland,* 499 A.2d 472, 473 n. 2 (Me. 1985). In this opinion the appellants are collectively identified as Noyes.

nity life. On this appeal from the Superior Court, we review the Planning Board's decision directly. *See Ray v. Town of Camden*, 533 A.2d 912, 914 (Me.1987). Finding that Noyes has established no ground for appellate relief, we join the Superior Court in affirming that decision.

■ Noyes contends that two of the eight standards that by the Bangor zoning ordinance must be met before the Planning Board can grant a special exception are void for vagueness under the precedent of *Wakelin v. Town of Yarmouth*, 523 A.2d 575, 577 (Me.1987), and *Cope v. Town of Brunswick*, 464 A.2d 223, 225–26 (Me. 1983). The two standards challenged by Noyes required that the proposed use conform to the "general character of the neighborhood" and have "no significant adverse effect ... upon the public health, safety and general welfare of the neighborhood." Bangor Zoning Ordinance, ch. VIII, art. 22, § 2(c)–(d).[2] At the hearing on March 16, 1987, the Board found that Together Place's application met all eight standards in the ordinance and granted the special exception. Following that decision the City's code enforcement officer on March 18, 1987, issued a certificate of occupancy finding that the planned use of Together Place complied with the requirements of the ordinance. *Id.* art. 23, § 3A. Noyes appealed the Planning Board's decision directly to the Superior Court as authorized by the zoning ordinance. *Id.* art. 24, § 3. *See also* 30 M.R.S.A. § 4963(1) (Supp.1987).

Even if the two contested standards were void for vagueness, however, the property owners in this case are unable to demonstrate any way they are aggrieved by that constitutional infirmity. In both *Wakelin* and *Cope*, when we struck down

for vagueness various special exception ordinance standards, the result was simply that the requested special exceptions were granted, all other requirements therefor being satisfied. *See Wakelin v. Town of Yarmouth*, 523 A.2d at 577; *Cope v. Town of Brunswick*, 464 A.2d at 227. In the case at bar, since the Planning Board found Together Place met all eight of the ordinance standards, striking down the only two standards that are here contested would leave the special exception permit in force under the remaining standards. Thus, even if we were to agree with his assessment of the vagueness of the two ordinance provisions, Noyes would take nothing on this contention.

■ Under the Bangor Zoning Ordinance, ch. VIII, art. 10, § 3(2), Together Place could qualify for a special exception in a Residential 5 zone only if it is a "community service organization." On appeal from the Planning Board, Noyes, assuming that the Board determined by implication that Together Place does constitute a "community service organization,"[3] contends that this determination was in error. The Planning Board, however, could not have made that determination, implicitly or otherwise, because the Bangor zoning ordinance vests the code enforcement officer and not the Board with the authority to decide whether the applicant is a "community service organization."

It is well established that the authority to make a zoning determination must be expressly granted by statute or ordinance. The applicable statutes provide that zoning issues shall initially be determined by the officer charged with enforcement of the zoning ordinance and the findings of that officer are subject to

2. On February 22, 1988, the Bangor City Council deleted those two requirements, as well as a third, from the conditions that must be met by any special exception application.

3. The Superior Court, believing that the Planning Board had made this implicit finding, held that the evidence clearly supported the finding since the organization is nonprofit and "designed to help people who have had mental health problems readjust back to the com-

munity." The ordinance defines "community service organization" as any nonprofit charitable institution that serves the "public health or social welfare of the community." It does not, however, include "social clubs," which are distinguished primarily by "having members paying annual dues." *See* Bangor Zoning Ordinance, ch. VIII, art. 3, § 2. Together Place does not charge dues to those who participate in its charitable services.

review by a Zoning Board of Appeals. 30 M.R.S.A. §§ 4966, 4963 (Supp.1987). *Oeste v. Town of Camden,* 534 A.2d 683, 684 (Me.1987) (case citations omitted). Together Place could not use the building at 150 Union Street until the code enforcement officer had issued a certificate of occupancy stating that the proposed use complies with the ordinance. Bangor Zoning Ordinance, ch. VIII, art. 23, § 3A. Furthermore, its application for a special exception, required to be filed with the code enforcement officer, was submitted to the Planning Board for its assessment of compliance with the eight special exception standards only after the code enforcement officer had cleared the application "for technical compliance with the terms of the ordinance." *Id.,* art. 22, § 3(a). The code enforcement officer therefore had the responsibility for determining whether Together Place constitutes a "community service organization" under the ordinance. He did make that determination at two different stages in the proceedings. Since Noyes never appealed that determination to the City's Zoning Board of Appeals as permitted by the zoning ordinance,[4] judicial review of that determination is precluded by Noyes' own failure to exhaust available administrative remedies. *Lakes Envtl. Ass'n v. Town of Naples,* 486 A.2d 91, 95–96 (Me.1984).

The entry is:

Judgment affirmed.

All concurring.

---

**4.** The Bangor Zoning Ordinance, ch. VIII, art. 24, § 2(a), authorizes the Zoning Board of Appeals "[t]o hear and decide where it is alleged there is an error in any order, requirement, decision or determination made by the Code Enforcement Officer in the enforcement of this Ordinance."