**COASTAL PROPERTY ASSOCIATES, INC.**

v.

**TOWN OF ST. GEORGE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 20, 1991.
Decided Jan. 2, 1992.

Esther R. Barnhart, Arthur E. Strout, Strout, Payson, Pellicani, Hokkanen, Strong & Levine, Rockland, for appellant.

Lee K. Bragg, Patrick J. Scully, Bernstein, Shur, Sawyer & Nelson, Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Coastal Property Associates appeal from a Superior Court (Knox County, *Kravchuk, J.*) decision, affirming a decision of the Town of St. George Zoning Board of Appeals. On appeal Coastal argues that the Board misinterpreted the St. George Shoreline Zoning Ordinance and that the Town's Shoreland Zoning Map is so vague that it is invalid.

St. George adopted its Shoreline Zoning Ordinance in 1973 in compliance with the Mandatory Shoreline Zoning Act. *See* 38 M.R.S.A. §§ 435–449 (1989 & Supp.1991). The Ordinance applies to all land areas within 250 feet of the mean high water mark of any salt water body. The Ordinance divides the shoreland into four districts, Recreation, Commercial Fishing, Marine Residential, and Resource Protection, "as shown on the Official Shoreland Zoning Map," which is incorporated into the Ordinance and maintained at the Town Office. No construction is allowed in the Resource Protection District (R.P.D.).

In 1987, the Ordinance was amended to include a new section, section 16 entitled

"Maps." The existing map was reduced in size and reproduced on four separate pages. The relevant Zoning Map, Map D, shows the entire shoreline of Mill Cove to be in the R.P.D. Section 16 also includes a brief written description of the maps. The Resource Protection District in the Clark Island/Long Cove area, which encompasses Coastal's property, is described as "the marsh in the area northwest and southwest of the subdivision known as Scraggle Point." There are two salt marshes between the proposed subdivision and the Scraggle Point Development. Both of the marshes lie outside the property in question.

Coastal submitted to the St. George Planning Board a subdivision plan for eleven acres of land it owns that abuts Mill Cove. The subdivision was discussed at Planning Board meetings in March, April, and June of 1990. In June, Coastal submitted a revised subdivision map showing a 250 foot setback from the mean high water mark, along with the one hundred year flood plain setback and a 75 foot setback. The Planning Board decided to approve the subdivision plan with the 250 foot setback.

Coastal appealed to the Board of Appeals the imposition of the 250 foot setback and the Planning Board's implied determination that Coastal's property was located in the R.P.D. The Board concluded that Coastal's property lies within the R.P.D.

Coastal filed a Rule 80B complaint in Superior Court, the Superior Court affirmed the Board's decision, and this appeal followed.

I

■ When reviewing a decision of a Superior Court acting as an intermediate appellate tribunal the Court reviews directly the record and findings made by the adjudicatory body. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1026 (Me.1982). The decision of the Zoning Board of Appeals will be affirmed absent a showing that it acted unlawfully, arbitrarily, capriciously, or unreasonably. *Id.*

■ Coastal contends that the map and the text are in conflict, thereby making the Ordinance ambiguous. Coastal argues that ambiguity is heightened by the Town's failure to include a scale or property lines on the Map, thus making it more difficult to judge the width of the district. Coastal argues that the text specifically limits the R.P.D. to the marsh itself.

The map delineates the R.P.D. with sufficient clarity. The depth of the Shoreland District is not at issue, all parties agree the Ordinance applies to all lands within 250' of the mean high water mark. The Ordinance thus creates a ribbon of land running along the coast. That strip of land is divided into segments, and on the Map the segments are identified as either a Marine Residential, Commercial Fishing, Recreation, or Resource Protection district.

The map shows a fairly detailed shoreline with roads and certain landmarks. The only question as to the boundary of the R.P.D. that arises from the map are the precise locations of its beginning and end. Coastal's property is not located near either extremity, but somewhere in the middle, so any ambiguity as to where the district begins and ends would not effect the inclusion of Coastal's property in the R.P.D. The shoreline in the Mill Cove area is unquestionably in the Resource Protection District as shown on the Map.

The Town maintains, and we agree, that the text is merely illustrative and was included to make it easier to locate the districts generally on the Map, and that one has to refer to the Map itself to identify a district's precise borders. Section 7 of the Ordinance provides: "The areas to which this ordinance is applicable are hereby divided into the following districts as shown on the Official Shoreland Zoning Map...." In section 8, the Ordinance provides a rule for interpretation of district boundaries.

Unless otherwise set forth in the Official Shoreland Zoning Map, District boundary lines are property lines, the centerline of streets, roads and right of way, and the boundaries of the shoreland areas as defined herein.

The language of Section 8 leaves little doubt that before the other sources are referred to, the boundaries must not be set forth on the Map and when they are not set forth on the Map one should refer to property lines, roads, and the accompanying text, not the text alone. The Map, not the accompanying text, defines the districts and must be used to determine their boundaries.

The Ordinance also establishes the Board of Appeals as the final arbiter in any dispute as to the precise boundaries of a district. "Where uncertainty exists as to the exact location of District boundary lines, the St. George Board of Appeals shall be the final authority as to location." S.Z.O. § 8. The Board concluded that the Map was the primary authority for locating boundaries and that Coastal's property was located in the R.P.D. The Board's conclusion that Coastal's property is located in the R.P.D. is adequately supported by the record.

## II

Coastal argues that because the boundaries of the district cannot be determined with reasonable certainty the Ordinance is invalid. Zoning ordinances are afforded a strong presumption of validity. *Putnam v. Town of Hampden*, 495 A.2d 785, 788 (Me.1985). A zoning map "must contain sufficient information to permit a person of ordinary intelligence to locate on the map any specific legally described tract of land, and to determine with reasonable accuracy and precision the boundaries of any zoning district." *Deans v. West*, 189 Neb. 518, 203 N.W.2d 504, 507 (1973). The Town's Official Shoreline Zoning Map is of sufficient detail that, when read in conjunction with the additional interpretational guidelines in § 8, it is possible to determine with reasonable certainty that Coastal's property lies within the boundaries of the R.P.D.

Coastal argues that it is difficult to determine exactly where the district begins and ends. Coastal does not have standing to challenge this alleged ambiguity. Because its property is located in the center of the district, any minor discrepancy as to where the district begins or ends will not affect Coastal. Coastal is not aggrieved by the ambiguity, if any exists, and therefore cannot challenge the validity of the Ordinance on that basis. *Noyes v. City of Bangor*, 540 A.2d 1110, 1111 (Me.1988).

The entry is:

Judgment affirmed.

All concurring.