STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE SUPERIOR COURT
CUMBERLAND, ss Civil Action
CLERK'S OFFICE Docket No. AP-07-061

2009 MAR -4 A 8: 15

NICOLINO CICCOMANCINI
and PATRICIA CICCOMANCINI

Plaintiff / Petitioners

v.

CITY OF PORTLAND and
CASCO BAY VENTURES, LLC,

Defendants / Respondents

DECISION AND ORDER
ON DEFENDANT'S
MOTION TO DISMISS
(M.R.Civ.P. 80B)

This matter comes before the court on the Motion to Dismiss by respondent City of Portland (the City). The case is a Rule 80B appeal arising from a decision of the City of Portland Planning Board (PPB) granting a building permit to Casco Bay Ventures, LLC (CBV), the owner of property abutting petitioners' property in the Eastern Promenade section of Portland.

## I. BACKGROUND AND PROCEDURAL HISTORY

The petitioners, Nicolino Ciccomancini and Patricia Ciccomancini (Ciccomancini), own a multi-unit apartment building located in the Eastern Promenade area of Portland. On the adjacent lot, located at the corner of Wilson Street and the Eastern Promenade, CBV owns a multi-family apartment building. The CBV apartment building is a nonconforming structure under the City of Portland Land Use Code (the Ordinance) with insufficient set-back distances on the northwesterly and northeasterly sides. The building is grandfathered as a nonconforming structure because it was constructed in 1903 before the adoption of the Ordinance. For this reason, the CBV

needed authorization from the City to make any alterations, modifications, or additions to the building.

CBV applied for subdivision and site plan approval for its property on July 16, 2007. CBV's proposed plan would result in a total of nine units in the finished structure. Before the plan was presented to the PPB for its review, the Zoning Administrator, Marge Schmuckal (Schmuckal), reviewed the project to determine zoning compliance. On September 4, 2007, the Ciccomancinis submitted a letter to the City Planner and the PPB objecting to CBV's application on multiple grounds.[1] The letter was passed on to Schmuckal, who then disapproved the site plan, agreeing with the Ciccomancinis on one of their raised objections, but not the others.[2] On September 26, Schmuckal wrote the Ciccomancinis, informing them that she was not approving CBV's site plan because it contained insufficient square footage to support the proposed nine units. Schmuckal also informed them that she did not agree with the Ciccomancinis' other objections and that they had a right to appeal her decision to the Zoning Board of Appeals (ZBA) within 30 days. The Ciccomancinis did not appeal the decision at that time.

On October 9, 2007, CBV amended its plan to reduce the number of proposed units from nine to seven thereby bringing it into conformance with section 14-388 of the Ordinance. Schmuckal thereafter determined the project to be in compliance with the City's zoning requirements. The Ciccomancinis received notice that a PPB workshop was scheduled and again wrote to the City Planner registering their objections to the

[1] The Ciccomancinis made two primary objections to the site plan at that time: (1) that the plan did not comply with section 14-382(d) of the Ordinance because the changes proposed would not be made within the space occupied by the existing shell of the building; and (2) that the plan did not comply with section 14-388 of the Ordinance because the square footage would be insufficient to support the nine units proposed.

[2] Schmuckal agreed that the 9-Unit Plan contained insufficient square footage to support nine units under § 14-388 of the Ordinance.

new site plan. The City's counsel took the position that the issue was foreclosed for failure to appeal the September 26, 2007 determination.

On January 22, 2008, the project was presented to the PPB for its review under subdivision and site plan standards. The Ciccomancinis were represented by counsel at the public hearing and argued that PPB should revise Schmuckal's zoning determinations. The Ciccomancinis raised two objections to CBV's new plan: they made their previously raised argument that the plan did not comply with section 14-382(d) because the changes proposed would not be made within the space occupied by the existing shell of the building, and they posed a new argument that the proposal did not comply with open space requirements provided in section 14-526 of the Ordinance.

The City's attorney advised the PPB that it lacked the authority to make zoning decisions and declined to revise Schmuckal's zoning determinations. Subsequently, the PPB determined that CBV's project now complied with the subdivision and site plan ordinance and approved the project with conditions. One condition required Schmuckal to confirm that the project met the open space requirements of the Zoning Ordinance, as this was a new concern raised by the Ciccomancinis through written correspondence with the PPB and testimony at the public hearing. Thereafter, the Ciccomancinis submitted a letter to Schmuckal dated February 1, 2008, with information supporting their conclusion that the project did not meet the open space requirement.

On February 5, 2008, Schmuckal decided that the open space requirement was satisfied and communicated her determination to the PPB. Schmuckal provided written notice to the Ciccomancinis in a letter dated February 5, 2008, again informing them of their right to appeal to the ZBA within 30 days. The PPB issued a written decision approving the site plan on February 12, 2008. The Ciccomancinis did not

3

appeal Schmuckal's decision (the decision made by the Building Authority) to the ZBA. Instead the Ciccomancinis appealed the PPB's major site plan review and approval of the CBV project to this court.

## II. DISCUSSION

### A. Failure to Appeal to the ZB

The ZBA "shall hear appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance, unless *only* a direct appeal to Superior Court has been provided by municipal ordinance. 30-A M.R.S. § 4353(1) (emphasis added).[3] The Portland Ordinance expressly provides for direct appeals from the PPB to the Superior Court, stating that "[w]hen the Planning Board has finally approved or disapproved a site plan, any person aggrieved or the city may appeal the decision of [sic] the Superior Court, pursuant to Rule 80B . . . ." § 14-527(b). Although the Ordinance provides for appeals from the PPB to Superior Court, it does not provide that this is the *only* way to appeal a zoning ordinance determination as required by 30-A M.R.S. § 4353(1). Instead, the Ordinance expressly provides that zoning determinations decided by the Building Authority, and only approved by the PPB, are appealable to the ZBA. § 14-471.

---

[3] The relevant provisions of 30-A M.R.S. state:

§ 4353.  Zoning Adjustment

Any municipality which adopts a zoning ordinance shall establish a board of appeals subject to this section.

1.  Jurisdiction; procedure.   The board of appeals shall hear appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance, unless only a direct appeal to Superior Court has been provided by municipal ordinance . . . .

2.  Powers.   In deciding any appeal, the board may:

. . . .

B.  Approve the issuance of a special exception permit or conditional use permit in strict compliance with the ordinance except that, if the municipality has authorized the planning board, agency or office to issue these permits, an appeal from the granting or denial of such a permit may be taken directly to Superior Court if required by local ordinance; and

C.  Grant a variance in strict compliance with subsection 4.

The Ordinance designates the Building Authority as "responsible for enforcing" the relevant zoning ordinance. § 14-461. The Zoning Administrator (the Administrator), an official within the Building Authority, makes decisions regarding zoning enforcement. Section 14-471 of the Ordinance specifically authorizes the ZBA with jurisdiction and the authority to hear and decide appeals taken from the Building Authority.[4]

After the Administrator makes all relevant zoning determinations, the PPB reviews all of the site plan decisions, including the initial determinations of zoning issues. The Ordinance states that the PPB shall not approve a major site plan unless it meets certain criteria. § 14-526(a). One such requirement mandates that the applicant must submit all required information and the PPB must find that the development complies with all applicable provisions of the Ordinance. § 14-526(a)(17).[5] Section 14-30(f) of the Ordinance defines the PPB's authority to decide zoning issues, providing the PPB with the authority to review and provide recommendations to City Council on applications for zoning changes.[6]

---

[4] Section 14-471. Jurisdiction and authority:
(a)     Subject to the provisions of section 14-472, to hear and decide appeals from, and review orders, decisions, determinations or interpretations made by the building authority . . . .

[5] The precise language of § 14-526(a)(17) of the Code is as follows:
(a) *Requirements for approval.* The Planning Board or planning authority shall not approve a site plan unless it meets the following criteria:

. . . .
(17) The applicant has submitted all information required by this article and          the development complies with all applicable provisions of this Code.
§ 14-526(a)(17) . . . .

[6] Section 14-30. Jurisdiction and authority.
In addition to the jurisdiction conferred on it by other provisions of state law and the ordinances of the city and in accordance therewith, the planning board shall have the following jurisdiction and authority:
(a)     To prepare and recommend a comprehensive plan to the city council, shall be known as the "Land Development Plan of the City of Portland";
(b)     To prepare and recommend to the city council changes in and amendments to the land development plan;

The Maine Legislature has provided local administrative bodies with compartmentalized authority over land use activities, but roles can at times overlap and boundaries can become blurred. Although the ZBA has primary jurisdiction over zoning issues, the Law Court has recognized that 30-A M.R.S. § 4353 does not expressly preclude other local bodies from all matters concerning a municipality's zoning ordinance. *Perkins v. Town of Ogunquit*, 1998 ME 42, ¶ 9, 709 A.2d 106, 108. Planning boards are precluded from enforcing zoning matters that the Legislature has expressly placed within the ZBA's jurisdiction. For example, the Law Court found that a planning board's modification of a binding zoning requirement is a variance that must be committed to the discretion of a ZBA due to the express language of 30-A M.R.S. § 4353(2)(C). *Id.* An ordinance "shall not circumvent the Legislature's express and implicitly exclusive grant of variance-granting authority to ZBAs." *Id.* ¶ 9, 709 A.2d at 108-09.

The Law Court has held that the authority to make a zoning determination must be expressly granted by statute or ordinance. *Oeste v. Town of Camden*, 534 A.2d 683, 684 (Me. 1987). In *Oeste,* the Court found that the planning board did not have authority to act, stating that it was "readily apparent from the structure of the ordinance and the statutes that only the Code Enforcement Officer and the Zoning Board of Appeals are authorized to make zoning determinations." *Id.* While the Court acknowledged that

---

(c)    To aid and assist the city council and departments and agencies of the city in implementing general plans and in planning, developing and completing specific projects;

(d)    To hear, review and approve, conditionally approve or disapprove major site plans;

(e)    To hear, review and approve or deny applications for subdivision approval;

(f)    To hear, review and offer its recommendations to the city council on applications for zoning changes and amendments to, or revisions of, the zoning ordinance, and to initiate recommendations for zoning changes and amendments to, or revisions of, the zoning ordinance . . . .

the planning board determines whether a proposal is in conformance with ordinances, and development and land use plans, it went on to state that "[w]hen confronted with a disputed zoning question . . . the Planning Board is not authorized to make the zoning determination." *Id.* The Law Court came to a similar conclusion in *Noyes v. Bangor,* reasoning that the planning board "could not have made that determination, implicitly or otherwise" because the zoning ordinance "vests the code enforcement officer and not the Board with the authority to decide" zoning issues. 540 A.2d 1110, 1111-12 (Me. 1988).

The Ciccomancinis argue that the Court's broad language in *Oeste* suggesting that planning boards are prohibited from having zoning authority is contrary to holdings in subsequent Law Court cases. In support of this contention, the petitioners list cases that actually predate the *Oeste* decision in 1987: *Fletcher v. Feeney,* 400 A.2d 1084 (Me. 1979) *Cushing v. Smith,* 457 A.2d 816, 819-20 (Me. 1983); and *Lakes Envtl. Ass'n v. Town of Naples,* 486 A.2d 91, 95 (Me. 1984). These cases not only precede *Oeste,* but they also fail to expressly address whether or not planning boards have the authority to make zoning determinations.[7]

In this case, the Ciccomancinis argue that the PPB has been granted the authority to review compliance with the zoning ordinance in the context of a site plan review. They contend that § 14-526(a)(17) provides the PPB with the authority over a number of zoning determinations. It is the Ciccomancinis' contention that the Building Authority is the body charged with making initial and only preliminary determinations on zoning,

---

[7] There are subsequent cases that indicate that planning boards do have limited zoning authority. *Perkins v. Town of Ogunquit,* 1998 ME 42, ¶ 9, 709 A.2d 106, 108 (noting that the planning board had the authority to issue "special exception and conditional use permits" as long as the waiver did not, in effect, grant a variance); *York v. Town of Ogunquit,* 2001 ME 53, ¶ 10, 769 A.2d 172, 176-77 (finding that the Planning Board did have the authority to waive strict application of Subdivision Standards in certain circumstances). These cases, however, do not contradict the Court's holding in *Oeste.*

and the PPB that is to review those determinations and issue a final decision. The petitioners assert that the ZBA does not have exclusive jurisdiction because the Ordinance provides for direct appeal of PPB's site review decisions to superior court.

The City argues that the Ciccomancinis have failed to exhaust their administrative remedies. The City points out that the Ciccomancinis had two opportunities to appeal Schmuckal's zoning decision to the ZBA and they failed to do so on both occasions. The City further argues that the PPB does not have the authority to decide zoning matters and that zoning matters are decided by the Building Authority and should therefore be appealed to the ZBA. The City further argues that even if the Ordinance grants the PPB with the authority to determine zoning issues, such an action should be found null and void and of no consequence because the Legislature has granted the Building Authority and the ZBA with exclusive authority over zoning matters.

According to the record, the planning board site review did ensure that all necessary information had been gathered from CBV and opened the floor up to those who objected to the project's approval. The Ciccomancinis raised their concerns about compliance with the zoning Ordinance and the PPB passed on the site plan with the condition that Schmuckal follow up on the open space issue and make a final determination. The record reflects the fact that the PPB declined to make the zoning determination, reasoning that it was not within its purview to second guess or revisit zoning decisions. The PPB made clear that the Administrator determines zoning issues, thereby making appeal to the ZBA the appropriate course of action for the Ciccomancinis.

Understandably, the Ciccomancinis did not appeal Schmuckal's 2007 decision on CBV's initial proposal because they were not "aggrieved" by the decision; Schmuckal

denied CBV's first proposal based on one of the Ciccomancinis' raised objections. It is less clear, however, why the Ciccomancinis chose not to appeal when Schmuckal wrote to them again on February 5, 2008, after making the final determination that the zoning requirements were met. Schmuckal informed the Ciccomancinis of their right to appeal her decision to the ZBA and they failed to exercise that right. The PPB expressly stated that it did not have the authority to decide zoning issues.

The Ordinance provides the PPB with the authority to provide recommendations, not determinations, as to zoning matters. Even if the Ordinance grants the PPB with the authority to make zoning determinations, this authority should not circumvent authority that the Legislature has expressly and implicitly granted to ZBA. The Ordinance does allow for the appeal of PPB review decisions to the Superior Court, however, this is not the appropriate course of action regarding zoning determinations made by the Housing Authority. Although the PPB does review the overall site plan, zoning determinations are outside of its authority and it is therefore the final decision of the Housing Authority that should be appealed to the ZBA.

## B. Remand of the Case to the ZBA

The Ciccomancinis never appealed to the ZBA and have missed their opportunity to do so. The Law Court has held that when a court "finds special circumstances which would result in a flagrant miscarriage of justice," the time for filing an appeal may be extended "within a narrowly extended range." *Keating v. Zoning Board of Appeals of Saco*, 325 A.2d 521, 524 (Me. 1974). The judicial exception for good cause does not apply here because the Ciccomancinis had ample opportunity to appeal to the ZBA and chose not to do so. The City informed the petitioners that this was a zoning issue that was outside of the PPB's authority, yet the Ciccomancinis chose to appeal

9

from the PPB's site plan review, rather than the Building Authority's determination that they were actually disputing.

## III. DECISION AND ORDER

The clerk will make the following entries as the Decision and Order of the court:

**A.** The Motion to Dismiss by the City of Portland is granted for failure of the petitioners to exhaust their administrative remedies.

**B.** Judgment is entered for the City of Portland and Casco Bay Ventures, LLC.

**C.** No costs are awarded.

SO ORDERED.

Dated: March 2, 2009

Thomas E. Delahanty II
Justice, Superior Court

10

Date Filed __02-14-08__    CUMBERLAND _____    Docket No. ___AP-08-006_____
                              County

Action __80B APPEAL_____


NICOLINO CICCOMANCINI                    CITY OF PORTLAND MAINE
PATRICIA CICCOMANCINI                    CASCO BAY VENTURES



                                   vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| BRUCE A MCGLAUFLIN ESQ<br>PO BOX 17555<br>PORTLAND ME 04112-8555<br>(207)775-0200 | TERRY SNOW ESQ (CASCO BAY VENTURES)<br>PO BOX 275, CUMBERLAND ME 04021<br><br>Penny Littell (City of Portland)<br>389 Congress Street<br>Portland, ME 04101 |

Date of
Entry