STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO. AP 21 002


JULIE MASON


v.                                          ORDER

TOWN OF NEW GLOUCESTER

Before the court is Plaintiff's appeal of the Town of New Gloucester's (Town) approval of

a marijuana grow facility proposed by applicant Country Manor Properties LLC (Applicant). For

the reasons described below, the matter is remanded to the Town's Planning Board to hear and

decide the parties' arguments as to whether the Rural Residential Zone permits the proposed use.

## FACTS

The Applicant sought to build a structure to be used to grow marijuana. The project is set

in the Rural Residential Zone (RRZ). Upon receipt of the application, the code enforcement

officer had to determine whether the proposed use was permitted in the Rural Residential Zone

and whether it required site plan review. The CEO determined the use was a "commercial

greenhouse." That use is permitted in the RRZ subject to site plan review by the Planning

Board. Accordingly, the CEO referred the application to the Planning Board.

At the Planning Board meeting, the Planning Board declined to hear the issue of whether

the characterization of the project as a "commercial greenhouse" was appropriate. The Planning

Board determined that the decision was the role of the CEO, not the Planning Board. The

Plaintiffs appealed the CEO's decision that the project was a "commercial greenhouse" to the

Zoning Board of Appeals. The ZBA determined that the appeal was untimely, as it was filed over

30 days after the CEO's decision.

1

The Planning Board conducted its site plan review and approved the project subject to conditions. The Planning Board did not consider or determine whether the property was a commercial greenhouse. The Plaintiffs appealed both the ZBA and the Planning Board decisions to the Superior Court where both matters were consolidated.

On appeal, the Plaintiff raises the following issues:

1. The CEO erred by determining that the proposed use was a "commercial greenhouse."

2. Having had no notice of the CEO's determination and there being no hearing, the Plaintiffs were denied due process of law.

3. The Planning Board should have determined the use.

4. The Applicant's tenants were the proper parties to apply for approval.

5. The use would violate Maine law regarding cultivation of medical marijuana.

DISCUSSION

On appeal, the Court's review of administrative decision-making is deferential and limited. The Superior Court reviews a local agency's decision for abuse of discretion, errors of law, and findings not supported by the evidence. *Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 13, 153 A.3d 768. The Plaintiffs bear the burden of persuasion on appeal because they seek to vacate the Planning Board's decision. *Fitanides v. City of Saco*, 2015 ME 32, ¶ 8, 113 A.3d 1088.

A court will review local interpretations of local ordinances de novo as a question of law. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. The court interprets an ordinance for its plain meaning and construes its terms reasonably in light of the purposes and objectives of the ordinance and its general structure. *Grant v. Town of Belgrade*, 2019 ME 160, ¶ 14, 221 A.3d 112. If an ordinance is clear on its face the court will look no further than its

2

plain meaning. Local characterizations or fact-findings as to what meets ordinance standards are accorded "substantial deference." *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684; *Jordan v. City of Ellsworth*, 2003 ME 82, ¶ 9, 828 A.2d 768.

Upon review of an agency's findings of fact, when the appellant did not have the burden of proof before the agency, the court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lakes v. Bd. of Env'l Prot.*, 2010 ME 18, ¶ 13, 989 A.2d 1128. "The court shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S. § 11007(3). The Law Court, or the Superior Court, will affirm findings of fact if they are supported by "substantial evidence in the record", even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency. *Passadumkeag Mountain Friends v. Bd. of Environmental Prot.*, 2014 ME 116, ¶¶ 12, 14, 102 A.3d 1181. The municipal board's findings of fact will be vacated only if there is no competent evidence in the record to support a decision. *Lakeside at Pleasant Mountain Condo. Ass'n v. Town of Bridgton*, 2009 ME 64, ¶ 11, 974 A.2d 893.

A. **Determination of use.**

1. *Proper avenue of appeal*

The first, second and third issues raised on appeal all arise out of the CEO's determination of use. The court first considers the proper avenue of appeal of the CEO's determination of use. The court concludes that the determination of use, whether it is made by the CEO or the Planning Board, is not appealed to the ZBA. The ordinance provides that two types of CEO decisions are appealed to the ZBA. They include "administrative appeals" and "variance appeals." Ord. §§ 6.1, 6.3. With respect to an "administrative appeal," it is appealable

3

to the ZBA when there is an error in the CEO's "review of *and action on* a permit application under this ordinance." Ord § 6.3.2(A) (emphasis supplied). There is no appeal to the ZBA, however, on a building permit after site plan review by the Planning Board. *Id.* Although the ordinance could be clearer, the court concludes that the intent of the ordinance is to distinguish between to types of permits. The appeal of a building permit approval after review by the Planning Board is heard by the Superior Court. The ZBA is limited to review of those building permits issued directly by the CEO without Planning Board review.

The alternative, to require an appeal of a CEO's determination of use in the middle of a Planning Board site review, appears to be what the ordinance is trying to avoid. Therefore, review of the determination of use is appealed with the Planning Board decision.[1] The appeal from the ZBA is denied as moot.

### 2. Deciding "determination of use."

The court then addresses whether the "determination of use" should be the Planning Board's decision or the CEO's decision. The authority to make a zoning determination must be expressly granted by statute or ordinance. *Oeste v. Town of Camden*, 534 A.2d 683, 684 (Me. 1987). A planning board cannot make a zoning determination when the ordinance vests that authority in the CEO. *Noyes v. Bangor*, 540 A.2d 1110, 1111-12 (Me. 1988); *see also, Ciccomancini v. City of Portland & Casco Bay Ventures*, 2009 Me. Super. LEXIS 40, *10-11.

The Town invites the court to avoid the procedural issues presented and review the determination of use as though the CEO's decision was only an informal conversation. The Town asks the court to review the determination of use regardless of whether the Planning Board or the CEO made that determination. The Planning Board's decision, however, specifically did

---

[1] Therefore, the court need not reach the decision of whether the appeal to the ZBA was untimely.

4

not consider the Plaintiffs' arguments with respect to the determination of use on the grounds it was the CEO's decision. Although the court prefers to get to the merits, the procedural status of this case does not allow it.

The Applicant argues that the ordinance allocates the determination of use to the CEO. The CEO "administers" the zoning ordinance. The CEO refers applications for site plan review to the Planning Board. Ord. § 6.1. In order to make that referral, the CEO must make a decision whether an application requires a site plan review. That requires a "determination of use." The Planning Board, they argue, is authorized only to apply the criteria in Article VII and the performance standards in Articles IV and V. Ord § 7.2.1. The Applicant argues there is no express authorization allowing the Planning Board to determine whether a use is appropriate in a particular zone.

The Plaintiffs argue that because the ordinance refers a matter requiring site plan review to the Planning Board, the determination of use becomes the Planning Board's decision. Any other approach deprives the Plaintiffs from a meaningful opportunity to be heard, depriving them of their rights to due process of law.

The court agrees that the Town's ordinances, as currently drafted and as applied to this application, deny the Plaintiffs a right to due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. It is a flexible concept that calls for such procedural protections as the particular situation demands." *In re A.M.*, 2012 ME 118, ¶15 (quotations and citations omitted). The CEO's decision was made without notice to and without any input from any party. In a case where there is no Planning Board review, a party aggrieved by a CEO's decision would have a right to *de novo* review by the ZBA. That would be the meaningful right to be heard. Here, the ordinance

5

does not provide the opportunity to appeal the CEO's decision to the ZBA. The Plaintiffs also had no opportunity to make their arguments to the Planning Board.

Instead, the Plaintiffs' first opportunity to make an argument that the proposed project is an appropriate use in the RRZ is before this court. The court, however, must be deferential to the Town's decisions. The court is not permitted to weigh competing arguments. The court would not be reviewing a decision where a factfinder has first considered all of the arguments. Because the court's review is limited, this Rule 80B appeal does not provide the Plaintiffs with a full right to be heard.[2] The Town must afford the parties an opportunity to be heard before some factfinding authority in a position to hear the parties, to weigh the competing interests, and decide the facts. That is not the role of the court and the court takes no position on the issue.

The court must interpret the ordinances to avoid an unconstitutional result. *Desfosses v. City of Saco,* 2015 ME 151, ¶ 8. The court must also review the entire ordinance to achieve a harmonious result. *Id.* Reading the ordinance as a whole, the ordinance's distinction between building permits that are appealed to the ZBA and building permits that are subject to Planning Board review reflects the intent that building permits take one of two tracks. They are either decided by the CEO with a right to de novo review by the ZBA or they are subject to site review and decided by the Planning Board. Nothing in the ordinance grants the CEO the final say on a determination of use in a matter to be reviewed by the Planning Board. Nothing in the ordinance treats the referral to the Planning Board as a final decision. Therefore, the court concludes that, as the ordinance is currently written, the Planning Board may review the determination of use in

---

[2] The applicant cites *Moreau v. Town of Turner,* 661 A.2d 677, 6890 (Me. 1995) for the proposition that a Rule 80B appeal is a sufficient right to be heard. *Moreau* is distinguishable. In that case, the Court specifically relied on the Board of Selectman's offer to allow plaintiff to make his arguments before them. *Id.*

6

cases properly before it. Of course, the Applicant could also make arguments at that hearing that the project constitutes other uses permitted by the ordinance.

For these reasons, the court remands the case to the Planning Board. The court anticipates that the Planning Board will provide sufficient findings of fact and conclusions of law for the court's review in the event of an appeal.

B. **Requirement that tenants be identified and participate in the appeal.**

Plaintiffs do not cite any ordinance, statute or case law supporting an argument that any prospective tenants must be part of the application or approval process. Therefore, the court does not see any basis to overturn the Planning Board's decision on those grounds.

C. **Violation of medical marijuana laws.**

The court finds that it was within the Planning Board's discretion not to consider the possibility of future violations of medical marijuana laws when determining whether to approve the facility. Therefore, the court does not see any basis to overturn the Planning Board's decision on those grounds.

CONCLUSION

The entry is:

The appeal of the decision by the ZBA is DENIED as moot.

The court REMANDS the matter back to the Planning Board to allow for a hearing on the determination of use. Otherwise, the decision of the Planning Board is AFFIRMED.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: Jul/19, 2021

Thomas R. McKeon
Justice, Maine Superior Court